## O'CONNELL *v.* GARNETT.

*(Supreme Court of Colorado, December 4, 1883—Appeal from the County Court of Pitkin County).*

1. DISQUALIFICATION OF JUDGE—HIS IMPERATIVE DUTY TO CHANGE THE VENUE. Under the Code, (1877, Secs. 431, 442,) a Judge, who before he went upon the bench was of counsel in a case, is disqualified from presiding at the trial, unless all parties consent that he may. And in such case it is his imperative duty (if County Judge) of his own motion, or on suggestion, to certify the case to the District Court—without requiring petition for change of venue under the statute. A judgment rendered by one so disqualified is void.

2. SAME—COSTS. In the absence of any statutory provision, the general rule is that costs abide the event of the suit, and in case of a change of venue from the County Court, on the ground of the disqualification of the Judge, there is no authority to make the payment of costs a condition precedent to such change of venue.

STONE, J. From the record and bill of exceptions brought up, it appears that suit was brought by appellee against appellants in a Justice Court, and from the judgment rendered therein the defendants appealed to the County Court, where the case was again tried, resulting in a verdict against defendants, and upon their motion a new trial was granted. Before the second trial came on a new County Judge was elected in the person of J. H. King, Esq., who had acted as counsel for defendants at the former trial, and who was now presiding as Judge of the County Court, when the case came on for the new trial granted. Whereupon, when the case was called up, defendants moved the Court to certify the case up to the District Court, in accordance with the statute, on account of the disqualification of the Judge, by reason of his having been of counsel in the cause. The plaintiff waived objection and consented to trial in the County Court, but the defendants refused to consent, whereupon the Court offered to allow the motion, on condition that defendants pay all the costs which had accrued in the former trials of the case. The defendants refused to comply with the condition, and thereupon the Court set the case down for hearing. Defendants then prayed a change of venue to the District Court, setting up by affidavit the disqualification of the County Judge, as in the former motion. The Court consented to grant the change on the condition only as

before, that defendants pay the accrued costs, and upon the refusal of defendants to comply with this condition, the Court proceeded to the trial of the case, and rendition of judgment therein. Defendants duly excepted and appealed to this Court, and the only grounds of error presented are, first, the disqualification of the Judge to try the case; and second, the refusal of the Court to certify the case to the District Court except upon the condition named.

The ground of disqualification rests upon the provisions of section 431 of the Code, which reads as follows:

"A Judge shall not act as such in any of the following cases: In an action or proceeding to which he is a party, or in which he is interested; when he is related to either party by consanguinity or affinity within the third degree; or when he has been attorney or counsel for either party in the action or proceeding, unless by consent of all the parties to the action."

The Judge, having been of counsel for the defendants in the previous trial of the action, was, under this statute, clearly disqualified from acting as Judge in the trial of the case, and, the disqualification not having been waived by consent of the defendants, had no authority to act judicially therein.

Section 442 of the Code is as follows: "If the County Judge be disqualified for any cause, from sitting on the determination of any action or proceeding pending before him, the cause shall be certified, with the original papers, to the District Court of the same county, which shall proceed thereon to final determination and judgment."

In accordance with this provision, it was the duty of the Judge to certify the case up to the District Court for further proceedings upon his own motion, or upon the suggestion merely, or motion of the party not desiring to waive the disqualification, without requiring such party to petition for a change of venue under the provisions of the chapter relating to change of venue. The provisions of section 442, quoted above, are special in relation to Judges of County Courts, and, when not waived by all the parties to the action, are imperative.

As to the second ground of error, respecting the accrued costs, we think there was no authority for imposing the condition of payment, for there was no law imposing such condition. Under the law as it stood before the adoption of the Code, the

expenses of a change of venue, in Courts other than justices of the peace, were not to be taxed as part of the costs, but were to be paid by the party procuring the change of venue. The Code repealed all former laws upon this subject, and none relating to costs upon a change of venue has been subsequently enacted. In the absence, therefore, of any statutory provision upon the subject, the general rule that costs abide the event of the suit must apply. *Sudam* v. *Swart*, 20 Johns., 475.

In this case there was no apparent reason, outside of statutory law, for requiring the condition imposed, since the appellants, in appealing the case to the County Court, had given the required appeal bond, which was ample security for all costs which should be adjudged against them.

For these reasons, we must hold that the trial and judgment in the Court below were void, and the judgment will accordingly be reversed, and the case remanded for further proceedings according to law.                    *Judgment reversed.*

*T. A. Rucker* and *B. E. Shear*, attorneys for appellants.