SOUTH PUEBLO NEWS PRINTING AND PUBLISHING COMPANY V. MOORE.

1. When a county court by an order grants an unconditional change of venue, and afterwards, by another order, requires the party seeking the change to perfect it by paying accrued costs, the latter order is in effect a mere modification of the former, and is invalid; the county court having no power to require payment of costs as a condition precedent.

2. Under the statute (Gen. St. ch. 22, § 20), changes of venue from county courts may be taken to the county court of any adjacent county, provided that, if no substantial objection is shown, the change shall be taken to the district court of the same county. A county court ordered a change of venue to "the district court of the third judicial district," which district included several counties. *Held*, that the statute did not authorize the change to any district court but that of the county where the cause was pending, and that the order was uncertain as to the court or county to which the change was granted.

*Error to Pueblo County Court.*

ON the 20th day of September, 1883, the following order was entered in the case:   "Now, on this day, this cause coming on to be heard, plaintiff and defendant being present by their attorneys, J. F. Drake, Esq., attorney for plaintiff, and Patton & Urmy, attorneys for defendant; and thereupon the attorneys for the defendant filed a motion for a change of venue; and the court,

after hearing the motion and affidavit of A.' Corder, Esq., read, and the argument of counsel thereon, ordered that the said motion be, and the same is hereby, sustained, and that the said cause be removed to the district court of the third judicial district." On the 22d day of November, 1883, and at the September term of said court, the following order was entered in the case: "Now, on this day, comes the plaintiff, by his attorney, J. F. Drake, Esq., and moves the court for an order on the above-named defendant, to perfect its application for a change of venue to the district court, by requiring said defendant to pay costs in the above-entitled action forthwith; and, in case of default of such payment, to set the said case for hearing at an early day. And thereupon the court having heard the motion read, and the arguments of the plaintiff's counsel thereon, and being fully advised in the premises, it is ordered by the court that the said motion be, and the same is hereby, sustained." On the 23d day of November, 1883, and at the September term of said court, the following order was entered in the case: "Now, on this day, the defendant having failed to comply with the preceding order requiring the defendant to perfect its change of venue by paying all costs forthwith, it is ordered by the court that this cause be, and the same is hereby, set for hearing on the merits on Saturday, November 24, at 2 P. M." On the 11th day of April, 1884, the cause coming on for hearing, the defendant not appearing, a jury being waived, the case was tried to the court, and judgment was entered against the defendant, and in favor of the plaintiff, for the sum of $284.83, and costs of suit.

The case is brought here upon a writ of error, and the following errors assigned: "(1) The court erred in making a rule on defendant, requiring it to pay the costs theretofore accrued in said cause, as a condition precedent to preparing a transcript and sending the same to the district court, after a change of venue had been granted.

(2) The court erred in making a rule on defendant, or taking further proceedings upon the motion of defendant, after a change of venue had been granted.   (3) The court erred in proceeding further in said cause after a change of venue had been granted, except to prepare a transcript of the proceedings in said cause, and transmit the papers in the same to the district court.   (4) The court erred in proceeding to set the said cause for hearing over the protest of defendant after a change of venue had been granted.   (5) The court had no jurisdiction to proceed in said cause after a change of venue had been granted. (6) The court erred in hearing said cause.   (7) The court erred in entering judgment in said cause."

Messrs. PATTON and URMY, for plaintiff in error.

Mr. J. F. DRAKE, for defendant in error.

RISING, C.   The first assignment of error raises the only question we deem it necessary to consider.   The order entered on the 20th day of September was an absolute and unconditional order for a change of the place of trial of the action.   The order entered on the 22d day of November, and at the same term of court, was, in effect, a modification of the order of the 20th of September, although it purports to be an order requiring the defendant to perfect the change of venue under the order made for the change.   If the court did not err in making the order of November 22d, then the order entered on the 23d day of November was not erroneous.  • It follows, then, that in considering the first assignment of error we have only to look to the order granting a change of the place of trial, and the order requiring the payment of costs by the defendant, as a condition precedent to entitle it to perfect the change, to determine the question raised. If there is no authority of law for the imposition of such terms, then the action of the court cannot be sustained. In the case of *O'Connell v. Gavett,* 7 Colo. 40–42, this

court held that, upon the granting of an application for a change of the place of the trial under the code, the general rule that costs must abide the event of the suit must apply, and that there was no authority for requiring the payment of accrued costs as a condition upon which the change could be had. The modification of the order, imposing, as terms, the payment of costs, was erroneous.

It is urged by defendant in error that the order changing the place of trial was void for uncertainty, in that it directed the removal of the case to the district court of the third judicial district, and did not specify the county in said district in which the trial should be had. Section 20 of chapter 22 of the General Statutes provides that "changes of venue from any of the county courts may be taken for the same causes provided for changes of venue in the district courts, and the venue, in all cases, shall be changed to the county court of any adjacent county wherein the cause or causes necessitating such change do not exist; provided, that, if no substantial objection is shown to exist thereto, the venue shall be changed to the district court of the same county." While the third judicial district includes several counties, the statute did not authorize the court to remove the case to the district court of any county other than the same county in which the cause was pending; so that, under the statute, there was no uncertainty as to the court or county to which the order for removal referred.

The judgment should be reversed.

We concur: MACON, C.; STALLCUP, C.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment of the county court is reversed.

*Reversed.*