PEOPLE EX REL. CUNNINGHAM V. QUINN, COUNTY JUDGE.

1. APPEAL — CONDITIONS PRECEDENT TO EXERCISE OF RIGHT NOT AUTHORIZED.— An appeal is a statutory right and may be perfected in the manner therein prescribed. Additional burdens cannot be imposed as conditions precedent to the exercise of this right by rules of courts.

2. SAME — PAYMENT OF ACCRUED COSTS CANNOT BE REQUIRED BY RULE OF COURT.— In the absence of statutory authority the county court cannot by a rule require parties appealing from its judgments to pay all accrued costs prior to the perfecting of their appeals.

### Petition for Mandamus.

THIS is an original proceeding, instituted for the purpose of obtaining a writ of *mandamus* to compel the defendant, P. F. Quinn, as county judge and acting clerk of the county court of Eagle county, upon the payment of the legal fees therefor by these petitioners, to accept and file a certain appeal bond and certain notices of appeal in a case lately tried in said county court, wherein James B. Taylor obtained a judgment against these peti-

tioners for the sum of $275.68 and costs of suit, and also to compel the respondent to make out and certify a proper transcript of record in said cause, the respondent refusing to do said acts unless his entire costs in said cause are first paid to him, basing such refusal in his answer upon the following rule of the said county court: "Rule 8. The clerk of this court may require the party appealing from any judgment or order of this court to the district or supreme court, that he, or she or they, pay all accrued costs before taking any further steps in the case."

The authority of the court to make said rule is attacked by demurrer to the answer.

Messrs. MONTGOMERY & FROST, for petitioners.

Mr. R. D. THOMPSON, for respondent.

PER CURIAM. It has been repeatedly held by this court that the right to a change of venue is a statutory right, and that a party complying with the requirements of the statute is entitled to such change, and that, in the absence of statutory authority therefor, the courts cannot require the payment of accrued costs as a condition precedent to such change. *O'Connell v. Gavett*, 7 Colo. 40, 42; *Publishing Co. v. Moore*, 10 Colo. 257. The right of appeal from the county courts to this court is also a statutory right, and the statute provides the manner in which such appeals may be perfected (sec. 338, Code 1877.); and no rule of court can deprive a party of this right, or impose additional burdens as conditions precedent to its exercise.

Under the statute, a party praying for an appeal is required to file a bond " in a reasonable sum, sufficient to cover the amount of the judgment appealed from and costs, conditioned for the payment of the judgment, costs, interest and damages in case the judgment shall be affirmed; " but we know of no statute by which he

may be required to pay the accrued costs in the case at the time of perfecting the appeal, and, in the absence of such statutory authority, the right of the clerk to impose such a condition cannot be maintained.  The statutes make further provision for the protection of court and other officers by permitting them to collect their legal fees in advance; and if this right is not insisted upon at the proper time, the officer must be understood to have waived it, and to have consented that such fees shall abide the result of the suit.  *Lick v. Madden*, 25 Cal. 203–211.

No question is raised by the pleadings as to the form of the bond tendered, or the sufficiency of the sureties thereon; and, it being admitted that the respondent's legal fees for the services desired have been tendered him, the rule that *mandamus* lies to compel the performance of purely ministerial duties is applicable.  High, Extr. Rem. § 81.

We think the demurrer to the answer should be sustained, and the peremptory writ of *mandamus* awarded in accordance with the prayer of the petition; and it is so ordered.

*Writ awarded.*