## TIERNEY v. CAMPBELL.

7  299
17  449
7  299
c33s  419

1. APPEALS.
Appeals are regulated by statute, a strict compliance with which is requisite to confer jurisdiction upon the appellate court.
2. SAME.
An appeal from the county to the district court is not perfected until the same has been docketed.
3. SAME.
The act of the clerk of the district court in transmitting the papers to the county court when the appeal from the latter court has not been docketed within the time prescribed by statute is not an exercise of judicial power; neither is it a final judgment to which a writ of error will lie.

*Error to the District Court of Arapahoe County.*

Mr. FRANK I. WILSEA, for plaintiff in error.

Mr. JOHN H. REDDIN, for defendant in error.

REED, P. J., delivered the opinion of the court.

Plaintiff in error was administrator of the estate of Michael O'Brien, and, as such, on the 5th day of January, 1894, presented his final report in the county court, which was excepted to by the heir. A hearing was had, the exceptions sustained, and the final report disallowed. Plaintiff prayed an appeal to the district court, which was allowed; bond filed and approved; the transcript made out; and the case sent to the district court March 13, 1894, within the term prescribed by law, but no docket fee was paid the clerk of the district court until May 11, 1894, and the case was not docketed, and the transcript and papers were by the clerk of the district court returned into the county court. It will be observed that nearly sixty days elapsed after the depositing of the papers before the docket fee was tendered. Plaintiff in error then moved the district court to recall the

papers from the county court and reinstate the appeal, which motion was, on June 21st following, denied. " And thereupon, the estate, by its attorney, moved the court that the appeal from the county court now pending in this court be dismissed, which motion was granted, and a judgment for costs entered against the plaintiff in error." From such proceedings an appeal was prosecuted to this court. The errors assigned are, *first*, the refusal to reinstate and docket the case ; *second*, to the judgment of the court in dismissing the appeal and causing judgment to be entered for costs.

In the act amending the act relating to appeals from the county to the district court (Sess. Laws of 1891, p. 107), occurs the following: " * * * And in case said appeal is not docketed by the appellant in the district court within thirty days after being lodged with the clerk, the transcript shall by said clerk be remitted to the county court, which county court shall proceed on said judgment as though no appeal had been taken."

The taking and manner of perfecting appeals is regulated by statute, a strict compliance with which is requisite. Otherwise, no appeal is taken. While the proceedings in the county court, by the filing of the bond, etc., were sufficient to divest that court of jurisdiction, to perfect the appeal and confer jurisdiction on the appellate court required the payment of the docket fee and the docketing of the case. Unless the docket fee was paid and the case docketed within thirty days, no appeal was perfected and no jurisdiction conferred upon the district court, and it became the duty of the clerk to transmit the papers to the county court from which they came.

The act of the clerk, as supposed by counsel, was not an illegal and unconstitutional assumption of judicial power in dismissing an appeal, as is claimed, but a clerical act required by statute when no appeal had been perfected.

The refusal of the court to reinstate the appeal was not error. There was no law for it; and no appeal having been perfected, no jurisdiction was conferred upon the court.

The filing by counsel of the motion to dismiss " an appeal pending in that court," and the granting of the motion, were acts of supererogation, as no appeal was pending.

The writ of error to this court will be dismissed for want of jurisdiction. The act of the clerk in returning the papers to the county court, as required by statute (the default in docketing the case having been admitted), was not a final judgment from which a writ of error to this court will lie.

*Writ of error dismissed.*