[No. 4816.]

THE PEOPLE EX REL. THE DENVER ENGINEERS' SUPPLY
COMPANY v. THE DISTRICT COURT OF THE CITY
AND COUNTY OF DENVER AND MALONE,
JUDGE.

1.   Appeal from County to District Court—Docketing Case.

An appeal from the county to the district court was per-
fected when the appellant, within the prescribed time, filed and
had approved his appeal bond, paid the costs of appeal and
caused all the papers, pleading and process pertaining to the
case, together with a transcript of all the record entries relating
to the case in the county court, to be filed with the clerk of the
district court, and within the time prescribed, paid the docket or
deposit fee required by the rules of the district court. And the
failure of the clerk to formally enter the case on the docket of
the district court could not defeat the appeal.

2.   Same—Remitting Case to County Court—Jurisdiction.

Where an appeal was perfected from the county to the dis-
trict court and appellant paid the docket or deposit fee required
by the rules of the district court within the time prescribed,
and the clerk failed to enter the case on the docket, but wrong-
fully remitted the case to the county court where an execution
was issued, the district court had jurisdiction to order the case
docketed in the district court and to quash the execution issued
by the county court and order the transcript and papers to be
returned to the district court.

*Original Proceeding and Application for Writ of
Prohibition:*

Mr. FRED W. PARKS and Mr. A. L. ABRAHAMS,
for petitioner.

Mr. A. W. WEIL and Mr. JOSEPH S. JAFFA, for
respondents.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court.

In the county court of the city and county of
Denver the petitioner here, plaintiff there, recovered
a money judgment against The May Shoe and Cloth-

ing Company. The defendant appealed therefrom to the district court, and, within the ten days limited by the statute applicable thereto, which is hereafter set out at length, filed its appeal bond, which was approved, paid the costs of appeal, and caused to be filed in the office of the clerk of the district court of the same county the transcript and documents which the statute requires to be sent up. At the same time appellant paid to the clerk of the district court five dollars, the amount of the deposit which the rules of the district court require to be made whenever a cause is filed there, and which, in this record, and generally by the profession, is called a "docket fee." A request was also made of the clerk to docket the cause. Through inadvertence, probably, that officer did not, within thirty days, or at all, formally do so; that is, the cause was not formally entered by title in the register of actions as section 381 of the code requires, or physically noted, upon the court docket.

The clerk of the district court, therefore, remitted the transcript to the county court, and the county court issued, and delivered to the plaintiff's attorney, a writ of execution to enforce the judgment. When notice of the remittitur was brought to the attention of appellant's counsel, they immediately filed in the district court a motion, supported by affidavits, asking that the action of the clerk in remitting the transcript and other papers, be set aside, that such records be recalled from the county court, and that the district court resume jurisdiction, thus improperly sought to be withdrawn, and take such further proceedings in the action as accords with the practice of the court, and that the execution issued by the county court be quashed. A hearing was had upon the motion, testimony of the parties heard, and the court made findings of fact, in substance, that the

27

appeal from the county to the district court had been perfected, because the appellant had made full compliance with the provisions of the statute governing appeals. The motion was, therefore, sustained, and the relief prayed for granted.

The petitioner here (plaintiff and appellee in the district court) then made this original application for a writ of prohibition to restrain further action by the district court, upon the ground that it had no jurisdiction in the premises.

The statute governing appeals from the county to district courts, reads:

"Within ten days after such appeal shall have been made, according to the foregoing provisions, and upon the payment of the costs of taking the appeal only, the clerk or judge of the court from which the appeal is taken, shall file in the office of the clerk of the district court of the same county, all the original process, pleadings and other papers relating to the suit, and filed in the county court, together with a transcript of all the entries made on the records of the county court relating to said cause. The failure of the clerk or judge of the county court to file such papers and transcript within the time herein prescribed shall not affect the appeal; but in such case neither the clerk nor judge shall be entitled to any fees in the same cause; and in case the appeal is not docketed by the appellant in the district court within thirty days after being lodged with the clerk of the district court, the transcript shall be remitted by the clerk of the district court to the county court; and the county court shall proceed on said judgment as though no appeal had been taken."—3 Mills' Ann. Stats., sec. 1087.

It is the contention of petitioner that an appeal from the county to the district court is not perfected, and the district court does not acquire jurisdiction

over the same, until and unless, among other things, the appellant actually dockets the case in the district court within thirty days after such appeal is lodged with the clerk of the district court. To this proposition is cited, among other cases, *Tierney v. Campbell,* 7 Colo. App. 299. It is the contention of respondents, first, that an appeal is perfected when the appeal bond is filed and approved in the county court and the transcript and other documents are lodged in the district court without docketing the case therein; second, if docketing the case is necessary, the appeal in this case was, in law, docketed.

In *Tierney v. Campbell, supra,* the appellant did not pay the docket fee, or deposit the amount required by the rules of the district court, until more than thirty days had elapsed after the appeal was lodged with the clerk of the district court. For that reason alone the court held that in returning the papers to the county court, the clerk was right. In the course of the opinion the court remarked that, unless the docket fee was paid and the case docketed within thirty days, no appeal was perfected, and no jurisdiction conferred upon the district court. That observation was *dictum,* for it was not necessary to the decision of the case, and would not be a precedent in that, or any other, court in a case where it became necessary to determine when an appeal is perfected. There is strong ground for holding, in accordance with many authorities, to which, as at present advised, we are inclined, that, under a statute like this, the jurisdiction of the appellate court attaches, and the appeal is perfected, when the appeal bond is filed and approved in the lower court, and the prescribed papers are lodged in the reviewing court, and that failure of appellant to follow up his appeal, as the statute requires, pertains to procedure, and is visited with the prescribed penalty. The formal docketing

of the cause, it has been held, is not a condition precedent to vesting of jurisdiction, nor does a failure, in that respect, divest jurisdiction of the appellate court.

However this may be, if it be conceded that the appeal was not perfected until the cause was docketed in the district court, which we do not do, we are of opinion that when an appellant, as here, has done everything that the foregoing statute requires him to do, and when, after he properly lodges his appeal in the district court, and within the thirty days pays the amount of the deposit required by its rule, in legal contemplation, the cause is then docketed. The case nearest in point in our own reports is *Hook v. Fenner*, 18 Colo. 283. The important question determined in that case was what constitutes the filing of a paper in court. Chief Justice Hayt, who delivered the opinion, said:

"Is it the clerical act of indorsing it as filed, or is it receipt of the paper by the proper custodian, and its lodgment in his office? The duty of a party required to file a paper, in the absence of any question as to fees, would seem to be discharged when he has placed the same in the hands of the proper custodian, at a proper time and in a proper place. If a paper in the case is placed as a permanent record in the office of the justice of the peace, this ought to be sufficient, no matter if the justice fails to perform the mere clerical act of indorsing it as filed. If the paper was actually placed in the hands of the justice for filing, before the writ was issued, it is clear that it was his duty to mark the same as filed. Failing to discharge this duty, can it operate to the prejudice of either party to the suit? We are of the opinion that it cannot."

This reasoning is equally applicable to the present case. When appellant filed its appeal bond,

and secured its approval, paid the costs of the appeal, and conformed to the other statutory requirements, and then brought the transcript from the county court and lodged it and the papers relating to the suit with the clerk of the district court, and paid the docket or deposit fee which the rule of the district court requires, it did all it could do to comply with the statute regulating such appeals. The fact that the clerk did not do his duty under the statute by formally entering the cause in his register and docketing it, cannot operate to the prejudice of appellant.

The district court, therefore, had jurisdiction to entertain and decide the motion recalling the case from the county court and in making the other orders which it did in deciding appellant's motion. The rule to show cause heretofore issued should, therefore, be discharged and the proceeding dismissed, and it is so ordered.                          *Writ denied.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.