[No. 5520.]
[No. 3192 C. A.]

## THOMAS v. BEATTIE, ADMR.

**Appellate Practice — Courts — Appeals — Failure to Docket — Remanding—Statutory Construction.**

Section 1087, 3 Mills' (Rev.) Stats., providing that, if an appeal from the county court to the district court is not docketed by appellant in the district court within thirty days after being lodged with the clerk thereof, the transcript shall be remitted by the clerk to the county court, etc., is mandatory; and, although appellant, after the expiration of the prescribed time, dockets his appeal by paying his docket fee, the transcript should be remitted to the lower court on appellee's motion, so that the latter might proceed as though no appeal had been taken.—P. 237.

*Appeal from the District Court of Rio Blanco County.*

*Hon. John T. Shumate, Judge.*

Proceedings for the allowance of the claim of James Beattie against the estate of John P. Thomas. From a judgment of the county court disallowing the claim, claimant appealed to the district court, where judgment was rendered in his favor, and Thomas G. Thomas, administrator, appeals.

*Reversed and remanded, with directions to dismiss the appeal.*

Mr. E. A. MARTIN, for appellant.

Mr. JAMES C. GENTRY, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellant is the administrator of the estate of John P. Thomas, deceased. In the county court, where the administration proceedings were pending, appellee filed his claim against the estate. Such proceedings were had thereon that the claim was dis-

allowed. From this judgment claimant appealed to the district court. The transcript was lodged with the clerk of that court on July 15th, 1904. On August 19th, following, the administrator filed a motion in the district court asking that the papers be sent back to the county court for procedure as though no appeal had been taken, on account of claimant's failure to docket his appeal as required by law. When this motion was filed, claimant had not paid his docket fee. On September 5th, 1904, claimant paid his docket fee to the clerk of the district court. On the next day, the first day of the regular term of the district court, the motion of the administrator to remand came on to be heard, and was overruled. Later the case was tried before a jury, the court instructing a verdict for claimant, which was returned, and judgment entered thereon. From this judgment the administrator appeals. The errors assigned relate to the action of the district court in overruling the administrator's motion to remit the case to the county court; the refusal of the court to direct a verdict for the estate, and the reception of testimony. It is only necessary to consider the first error assigned.

Section 1087, 3 Mills' (Rev.) Stats., which relates to proceedings upon appeal from the county to the district court, provides the time within which the original process, pleadings and other papers relating to the suit, together with a transcript of the record entries relating to the action from which an appeal is taken, shall be filed in the office of the clerk of the district court to which the appeal is taken. It further provides:

"In case the appeal is not docketed by the appellant in the district court within thirty days after being lodged with the clerk of the district court, the transcript shall be remitted by the clerk of the dis-

trict court to the county court, and the county court shall proceed on such judgment as though no appeal had been taken.''

This section was under consideration by the court of appeals in *Tierney v. Campbell,* 7 Colo. App. 299, where it was said that the failure to docket an appeal from the county to the district court within the time prescribed prevented jurisdiction of the district court attaching to entertain the appeal. This section was also under consideration by this court in *People v. District Court,* 33 Colo. 416, wherein it was stated that the statement in *Tierney v. Campbell* with respect to the jurisdiction of the district court was *dictum;* and that the failure of the party appealing from the county to the district court to follow up his appeal as the statute requires, pertains to procedure, and is visited with the prescribed penalty. Whether the failure of appellant to follow the steps prescribed by the statute prevents the jurisdiction of the district court attaching, or whether such failure merely subjects him to the penalty prescribed, is immaterial, so far as the case at bar is concerned.

The purpose of the statute was to prevent unnecessary delay by requiring the appellant to promptly docket his appeal in the district court by paying the fee required for that purpose. If he did not do so, within the time prescribed, the duty was imposed upon the clerk of the district court to remit the transcript to the county court, so that the latter might proceed as though no appeal had been taken.

In the present case it appears from the record that more than thirty days had elapsed after the necessary papers were lodged with the clerk of the district court before the claimant paid his docket fee, and that during this default the administrator filed a motion asking that all papers in the appeal which had been lodged with the clerk of the district

court be remitted to the county court. This motion was denied by the district court. This action was clearly erroneous, because the provision of the statute relating to the steps which a party appealing from the county court to the district court shall take, are mandatory. The penalty prescribed for failure to take these steps had attached when the motion of the administrator was filed, and it should have been sustained.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the appeal, and transmit the transcript lodged with the clerk to the county court, with directions to that tribunal to proceed as though no appeal had been taken.                      *Reversed and remanded.*

Chief Justice Steele and Mr. Justice Campbell concur.