BALDWIN *v.* ESCANABA LIQUOR DEALERS' ASSOCIATION.

1. APPEAL AND ERROR — TIME TO APPEAL — EQUITY PRACTICE —
CLAIM OF APPEAL.
    The failure of appellants to file a claim of appeal after the
    settlement of the record in chancery is not fatal where the
    claim was actually filed prior to the settlement of the case.

2. SAME—REGISTER'S FEE—PAYMENT.
    Actual payment of the fee to the register in chancery is un-
    necessary if the register treats it as paid within the 40 days
    after settling the testimony by giving the solicitors credit
    for the amount, makes no demand, and it is subsequently
    paid. Act No. 299, Pub. Acts 1909.

Bill by Francis L. Baldwin against the Escanaba Liquor
Dealers' Association for an injunction. From a decree
for complainant, defendant appeals: On motion to dis-
miss the appeal. Submitted June 28, 1910. (Calendar
No. 24,102.) Motion denied September 27, 1910.

*A. H. Ryall*, for the motion.

*Cummiskey & Spencer*, contra.

PER CURIAM. A motion is made to dismiss the appeal
upon two grounds:

(1) The failure of the appellants to file a claim of appeal
with the register in chancery of the circuit court for the
county of Delta within 40 days after the settlement of the
case.

(2) The failure of the appellants to pay to the register
of the court the sum of $5 within 40 days after the settle-
ment and filing of the case in the lower court.

The record shows the entry of the decree December 23,
1909, the filing of the bond on appeal January 29, 1910,
the filing of the claim of appeal February 10, 1910, the fil-
ing of the case settled April 19, 1910, and the payment of
the fee June 13, 1910. Section 2 of Act No. 299 of the

Public Acts of 1909 provides for filing claim of appeal and payment of $5 to the register within 40 days after the settlement of the case on appeal. The first ground for dismissal was passed upon adversely to the contention of the mover in *Patterson* v. *Hynes*, 148 Mich. 581 (112 N. W. 129).

Touching the second ground urged, we find from the affidavit of the register that, while the $5 fee was not in fact paid within the time limited by statute, the register considered it as paid, gave solicitors for defendants personal credit for the same, and made no demand therefor. The money was actually paid on June 13, 1910. These facts constitute a sufficient compliance with the statute.

The motion is denied.