No. 8885.

WIGTON *v.* WIGTON.

Decided November 5, 1917.  Rehearing denied December 3, 1917.

Action in replevin, judgment for plaintiff.

*Reversed.*

1. APPEAL—*Statutory Construction.* Statutes giving the right of appeal are liberally construed in furtherance of justice. Interpretation that will work a forfeiture of the right is not favored.

2.     *From County to District Court—Clerk's Docket Fee.* Under sec. 1538, R. S. 1908, a case may be docketed on appeal without payment of clerk's fees in advance if the clerk shall waive advance payment or agree to accept it at some future time.

    Sec. 2528 R. S. 1908, providing for the payment of clerk's fees in advance, is permissive only and not mandatory.

3. REPLEVIN—*Verdict—Judgment.* In a replevin action where the verdict is primarily for possession of the property in suit, judgment should be for possession of the property, and for the value thereof only in the event that recovery of the specific property may not be had.

*Error to the District Court of Pueblo County, Hon. C. S. Essex, Judge.*

MR. JOHN H. VOORHEES, for plaintiff in error.

Mr. E. O. PHLEGAR, for defendant in error.

*En banc.*

MR. JUSTICE SCOTT delivered the opinion of the court.

THIS is an action in replevin by the defendant in error, against the plaintiff in error to recover possession of two certain account books described in the complaint as follows:

"One Day Book, containing the entries of loans made and the amounts thereof and the parties to whom made by the plaintiff from about December 1st, 1914, to about April 25th, 1915, which said book is of the value of Five Hundred Dollars.

One Ledger containing the names of parties to whom plaintiff has made loans, the amounts thereof, and the payment made thereon, which book contains the account of the transactions of plaintiff the past five or six years to the present date, which book is of the value of Five Hundred Dollars."

Verdict and judgment for plaintiff below.

The first question for consideration, upon cross error, is the action of the trial court in overruling the motion of defendant below to remand to the county court the transcript and all papers in the cause, for procedure as though no appeal had been taken, for the reason that the appellant has failed to docket his appeal as required by law. Sec. 1538, Rev. Stat. 1908.

The action was instituted in the county court and verdict and judgment there rendered in favor of the plaintiff, and from which judgment the defendant appealed to the district court. Judgment was rendered in the county court on the 8th day of July, 1915. Transcript and appeal bond were properly filed with and the bond approved by the clerk of the district court on the 16th day of July, 1915, and on the same day the cause was entered upon the docket of that court. The docket fee was not actually paid to the clerk of the district court until the 30th day of August, 1915.

It will be seen that the cause was properly filed and docketed within the ten days required by statute. The sole ground for the motion is that the docket fee was not paid within thirty days. Upon this point the deputy clerk of the district court testified as follows:

"About July 10th or 12th, Judge Voorhees came into the office and said there would be a case appealed from the county court and said I should docket it and bill on him for it; Judge Voorhees has an account and we docketed the case and put it in his account. We docketed the case at once when transcript came up. We send out bills the first of each month; I do not know whether this bill was sent out or not as I was away on my vacation. The record shows docket fee paid August 30, 1915.

Q. I will ask you, upon the statement I made to you, did you extend to me as attorney, credit for the docket fee in this case?  A.  I did."

The question to be determined is, was this a sufficient compliance with the statute as to the payment of the docket fee as to justify the district court in retaining jurisdiction

of the cause. The precise question seems not to have been determined by this court nor by the Court of Appeals.

In the consideration of the question we bear in mind that statutes giving the right of appeal are liberally construed in furtherance of justice and that such interpretation as will work a forfeiture of the right is not favored. In *Childers v. Baird,* 59 Colo. 382, 148 Pac. 854, we declared the principle that where the parties act in good faith and with reasonable promptness, the courts deal with them liberally, and that courts are reluctant to permit an appeal to fail where there has been no culpable fault, although there may have been some errors or irregularities.

Counsel for defendant in error rely chiefly on *Tierney v. Campbell,* 7 Colo. App. 299, 44 Pac. 948, and *Thomas v. Beattie,* 42 Colo. 235, 93 Pac. 1093. It is clear that the language in the first of these cases conveys the impression that the deposit of the fee is a part of the statutory process of appeal and that a failure or neglect to make such deposit deprives the District Court of jurisdiction of the cause. It is just as clear that it was not necessary to so determine in that case.

The language relied on in *Tierney v. Campbell, supra,* is as follows:

"The taking and manner of perfecting appeals is regulated by statute, a strict compliance with which is requisite. Otherwise no appeal is taken. While the proceedings in the county court by the filing of the bond, etc., were sufficient to divest that court of jurisdiction, to perfect the appeal and confer jurisdiction on the Appellate Court required the payment of the docket fee and the docketing of the case. Unless the docket fee was paid and the case docketed within 30 days, no appeal was perfected and no jurisdiction conferred upon the district court, and it became the duty of the clerk to transmit the papers to the county court from which they came."

But in that case not only was the docket fee not paid, but the case was not docketed, and while it was not so stated in the opinion, it may be well assumed that the case was

not docketed for the reason that the docket fee was not paid, which was clearly within the right of the clerk to refuse under the statute.

In *Thomas v. Beattie, supra,* it appears that more than thirty days had elapsed after the papers were lodged in the district court before the appellant paid his docket fee, and as in *Tierney v. Campbell,* it does not appear that the case was docketed by the clerk, which may have been for the same reason as we have suggested in the latter case. Then, under the facts in both cases relied on, there was a failure to docket, coupled with a failure to pay the docket fee. In neither case was there any pretense of waiver or other reason or excuse for not tendering or paying the fee, and it was only upon such payment, the appellant was entitled as a matter of right to have his appeal docketed.

In *People v. District Court,* 33 Colo. 416, 80 Pac. 1069, it was held that where the appellant had complied with the requirements of the statute within the prescribed time, the failure of the clerk to formally enter it on the docket could not defeat the appeal, and this notwithstanding the specific language of the statute "that in case the case is not docketed the case may be remitted, etc." The court adopted the common sense view that when the appellant had done all that the law required of him, it was sufficient. But the important declaration in that case was the repudiation of the statement in *Tierney v. Campbell,* that the payment of the fee and the docketing of the case was jurisdictional, but holding to the contrary that this pertained to procedure, and was in the nature of a penalty. It was there said:

"In *Tierney v. Campbell, supra,* the appellant did not pay the docket fee, or deposit the amount required by the rules of the district court, until more than thirty days had elapsed after the appeal was lodged with the clerk of the district court. For that reason alone the court held that in returning the papers to the county court, the clerk was right. In the course of the opinion the court remarked that, unless the docket fee was paid and the case docketed within thirty days, no appeal was perfected, and no jurisdiction con-

ferred upon the district court. That observation was *dictum,* for it was not necessary to the decision of the case, and would not be a precedent in that, or any other court, in a case where it became necessary to determine when an appeal is perfected. There is strong ground for holding, in accordance with many authorities, to which, as at present advised, we are inclined, that, under a statute like this, the jurisdiction of the appellate court attaches, and the appeal is perfected, when the appeal bond is filed and approved in the lower court, and the prescribed papers are lodged in the reviewing court, and that failure of appellant to follow up his appeal, as the statute requires, pertains to procedure, and is visited with the prescribed penalty. The formal docketing of the cause, it has been held, is not a condition precedent to vesting of jurisdiction, nor does a failure in that respect, divest jurisdiction of the appellate court."

The statute is not mandatory in requiring the clerk of the court to collect costs in advance, and it appears that the weight of authority is to the effect that he may waive such collection. The statute applicable here, reads:

"Clerks of courts of record may require in advance, on account of their fees, a deposit of five dollars, and no more at any one time, nor until the former deposit has been exhausted." Rev. Stat. 1908, § 2528.

The language, "may require in advance, on account of their fees a deposit of five dollars," seems to be permissive only and not mandatory. Plainly the sum is not in payment of any specific fee, but is a deposit on account of all fees in the case. It is a general statute and applies to all cases alike, and to all fees in all courts of record. We have seen from *Thomas v. Beattie, supra,* that such payment is not jurisdictional but is to be treated as penal in its nature, and for such reason, we must hold that while this deposit may be required as a condition precedent, yet such payment may be waived by express action of the clerk as in this case. The clerk kept an account with Judge Voorhees, the counsel in the case, and upon the filing of the transcript and approval of the bond, charged this fee to the account

of counsel, who afterward paid it. This made the clerk liable on his official account for the fee, and was a substantial compliance with the statute.

In *Baldwin v. Liquor Dealers' Assn.*, 162 Mich. 703, 127 N. W. 784, it was held:

"Touching the second ground urged, we find from the affidavit of the register that, while the $5 fee was not in fact paid within the time limited by statute, the register considered it as paid, gave solicitors for defendants personal credit for the same, and made no demand therefor. The money was actually paid on June 13, 1910. These facts constitute a sufficient compliance with the statute."

And in *Harrison v. Palo Alto Co.*, 104 Ia. 383, the court said:

"Appellee further contends that the appeal has not been perfected, for the reason that the clerk's fees have not been paid or secured. It appears, however, that the clerk expressly waived this requirement. It is argued, however, that he cannot make such waiver. We think he may. But whether this is true or not the appeal should not be dismissed, for the reason that the clerk has performed all the duties required of him, and has certified the transcript of the record to this court. This is sufficient."

In *People, ex rel. v. Quinn*, 12 Colo. 473, 21 Pac. 488, it was said:

"The statutes make further provision for the protection of court and other officers by permitting them to collect their legal fees in advance; and if this right is not insisted upon at the proper time, the officer must be understood to have waived it, and to have consented that such fees shall abide the result of the suit."

To the same effect are *Short v. Cohen*, 11 Ga. 39; *Lyner v. Jackson*, 20 Ga. 773; *West v. Reynolds*, 94 N. C. 333. The court did not err in denying the motion to dismiss the appeal.

But the judgment must be reversed for the reason that it is not a judgment on the verdict, and not one that may be rendered in this action.

The verdict of the jury is as follows:

"We the jury, find the issues herein joined for the plaintiff and against the defendant, W. I. Wigton, and that she is entitled to the possession of the property described in the complaint; we find the value of the property taken to be One Thousand Dollars and no hundredths cents ($1,000)."

This verdict was for possession only, with a finding as to value but the court erroneously rendered judgment as follows:

"That plaintiff do have and recover of and from the defendant the sum of one thousand dollars and costs of suit, and that execution issue therefor."

The verdict was primarily for possession of the property in suit, and the judgment should have followed the verdict in that respect, and for the value of the property in the event only, that recovery of the specific property may not be had.

There are other assignments of error but the record is so imperfect as relates to these that intelligent consideration is difficult if not impossible, and it may be that a new trial will obviate the necessity therefor.

The judgment is reversed and the cause remanded.