No. 9088.

DRENNEN v. JOHNSON.

1. COUNTY COURT—*Appeal to District Court—Docketing.* If the clerk of the District Court upon receiving the transcript and files in a cause appealed from the County Court gives to the cause a number, entering it upon the Register of Actions, the appeal is docketed, though no docket fee is paid.

A rule of the District Court requiring, at the initiation of every civil cause payment of a specified sum, to be applied to the costs, is without effect upon the question.

3. RULES OF COURT—*Effect.* A rule of court cannot destroy a right nor impose burdens upon its exercise.

*Error to the Morgan District Court, Hon. H. P. Burke, Judge.*

Mr. ARCHIBALD A. LEE, Mr. F. E. PENDELL, for plaintiff in error.

Messrs. STEPHENSON & STEPHENSON, Mr. ARLINGTON TAYLOR, Mr. C. E. ROBISON, for defendant in error.

Opinion by Mr. Justice Allen.

This is an action originally instituted in the County Court of Morgan County by L. G. Johnson, hereinafter called the plaintiff, against Ralph R. Drennen, hereinafter referred to as the defendant. The case was decided in favor of the plaintiff, in the County Court, and the defendant thereafter, and within the time allowed by law filed an appeal bond in that court. The bond being approved, and all costs having been paid as prescribed by law, the County Court on August 28, 1916, lodged the case with the Clerk of the District Court, delivering to the clerk all of the papers pertaining to the case.

On September 28, 1916, the plaintiff filed a motion in the District Court, "to remit and remand the transcript and all the files" in the case to the County Court where the action was originally tried. The motion was granted. The defendant brings the cause here for review, assigning as

error the action of the District Court in sustaining the motion to remand the case to the County Court.

The motion to remand was predicated upon plaintiff's interpretation of the following clause in section 1538 R. S. 1908, sec. 1662 Mills Ann. Sts. 1912:

"* * * and in case the appeal is not docketed by the appellant in the district court within thirty days after being lodged with the clerk of the district court, the transcript shall be remitted by the clerk of the district court to the county court; and the county court shall proceed on said judgment as though no appeal had been taken."

The motion was framed on the theory that the cause was "not docketed by the appellant," within the meaning of the statute, because "no docket fees were paid by defendant within thirty days after the lodging of the transcript in the office of the clerk of the District Court."

It is conceded that the cause was physically docketed on the same day that the papers were received by the clerk of the District Court. The clerk on that date, August 28, 1916, entered in the Register of Actions, a book kept for that purpose, the title of the case together with the notation that it was a "Money Demand" and an "Appeal from County Court." The cause was numbered 3068 in the Register of Actions. The number so given to the cause was the next consecutive number immediately following all previously docketed causes in the District Court.

No docket fee was paid at any time within thirty days after the papers were delivered to the clerk of the District Court. The plaintiff contends that because of this fact, and notwithstanding the circumstance that the clerk actually docketed the case, the case was not "docketed by appellant," within the meaning of the appeal statute hereinbefore quoted.

Aside from a rule of court, hereinafter noted, this contention appears to be made in reliance upon certain expressions found in *Tierney v. Campbell*, 7 Colo. App. 299, 233, 44 Pac. 948, and *Thomas v. Beattie*, 42 Colo. 236, 93 Pac.

1093. In the latter case the court, among other things, said:

"The purpose of the statute was to prevent unnecessary delay by requiring the appellant to promptly docket his appeal in the district court by paying the fee required for that purpose."

In neither of the two cases just cited did the facts show the actual docketing of the case by the clerk. Both of these cases are referred to and discussed in *Wigton v. Wigton*, — Colo. —, 169 Pac. 133, and shown not to be decisive of a case where, as here, the clerk docketed the case.

In the *Wigton* case this court regarded a cause as docketed by the appellant in the District Court where the clerk entered the case upon the docket without first collecting the docket fee. Docketing the case and paying the docket fee are two distinct acts. The statute relied on by plaintiff, to uphold the judgment of the trial court, expressly refers to the act of having the case docketed by the appellant" but makes no mention of the payment of the docket fee. Doubtless under section 2528 R. S. 1908, which provides that clerks of courts may require a deposit in advance on account of fees, the clerk of the District Court could have refused to docket the case until the docket fee was paid, but having actually docketed the case without first obtaining the docket fee the result is the same, so far as the appellee in the District Court is concerned, as if the docket fee had been paid; and the cause cannot be remanded simply on the ground that the fee had not been paid. Why the clerk, in any particular case, chooses to docket the cause without collecting the docket fee in advance, is not material. The opinion in the *Wigton* case approvingly quotes the following from *People v. Quinn*, 12 Colo. 473, 21 Pac. 488:

"The statutes make further provision for the protection of court and other officers by permitting them to collect their legal fees in advance; and if the right is not insisted upon at the proper time, the officer must be understood to

have waived it, and to have consented that such fee shall abide the result of the suit."

So far as the statutes are concerned, in the case at bar the cause was docketed and the appeal perfected. *Wigton v. Wigton, supra.*

The plaintiff calls our attention to a rule of the District Court of Morgan County providing that "Whenever any civil action shall be brought in this court the plaintiff shall deposit with the clerk $5.00 to be applied to the payment of costs," etc. This rule of court is practically the same, in purpose and effect, as the statute (section 2528 R. S. 1908) which provides that clerk may require a deposit of five dollars in advance, etc. In the *Wigton* case this statute was regarded as permissive. If the rule of court above mentioned is mandatory, that fact does not change the result, for the reason that the right of appeal from the County Court to the District Court is a statutory right, the statute provides the manner in which such appeals may be perfected, and, as said in *People v. Quinn, supra,* "no rule of court can deprive a party of this right, or impose additional burdens as conditions precedent to its exercise." If, as is the result of the decision in the *Wigton* case, an appeal may, so far as the statutes alone are concerned, be perfected without paying the docket fee, provided the clerk actually dockets the case within the prescribed time, a rule of court cannot be so enforced or construed as to nullify the clerk's docketing of the case, simply because the clerk acted without collecting the docket fee. The rule of court herein referred to had for its purpose the protection of the clerk against personal liability for the docket fee provided by statute, and if the clerk should see fit to docket the case without collecting the fee in advance, and waive the right to collect the same in advance or charge the same to the appellant or his attorney, such conduct on the part of the clerk would not affect the right of the appellant to have the case deemed docketed within the meaning of the statute.

The cause having been docketed in manner as provided by

law, it was error for the trial court to order the transcript remitted to the County Court simply because of the fact that the clerk had not collected the docket fee within the thirty days allowed by statute for docketing the case. The judgment is reversed and the cause remanded to the District Court for further proceedings in harmony with the views herein expressed.

*Reversed.*

Chief Justice Hill and Mr. Justice Bailey concur.