2014 COA 52

**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Franklin Alfred NOTYCE, Defendant–Appellant.**

**Court of Appeals No. 12CA0430**

Colorado Court of Appeals, Div. IV.

Announced April 24, 2014

John W. Suthers, Attorney General, Patricia R. Van Horn, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

The Ruff Law Firm, L.L.C., Jeffrey D. Ruff, Denver, Colorado, for Defendant-Appellant

Opinion by JUDGE BOORAS

¶ 1 Defendant, Franklin Alfred Notyce, appeals following remand for resentencing in *People v. Notyce,* (Colo.App. No. 09CA0999, 2010 WL 4132835, Oct. 21, 2010) (not published pursuant to C.A.R. 35(f)) (*Notyce I* ). He challenges the original judgment of conviction for theft on two grounds: the trial court erred in refusing to suppress photographs of the allegedly stolen items; and, in closing argument, the prosecutor improperly referenced defendant's exercise of his right to remain silent. He also appeals the twenty-four-year sentence imposed on remand. We affirm the sentence.

I. Original Judgment of Conviction

¶ 2 We decline to address defendant's claims of error as to his jury trial. As the result of the prosecution's appeal of defendant's initial sentence in *Notyce I,* this case was specifically remanded to the trial court for resentencing to the twenty-four-year sentence required under the habitual criminal statute. Defendant now appeals from that remand proceeding. Therefore, defendant's challenges to his jury trial are outside the limited scope of the remand, and, according-

ly, we will not address them. *See People v. Grassi,* 2011 WL 4837291, at *5 (Colo.App. No. 09CA0400, Oct. 13, 2011) (declining to address argument raised on appeal from proceedings on remand as "outside the limited scope of the remand"); *see also United States v. Stuckey,* 255 F.3d 528, 531 (8th Cir.2001) ("A defendant does not receive a second chance to support an argument he failed to support in a first appeal simply because he is resentenced."); *People v. Burks,* 128 Mich.App. 255, 339 N.W.2d 734, 735 (1983) (issues concerning the validity of the defendant's guilty plea would not be considered on appeal from a remand for resentencing because they did not arise as a result of the resentencing, and thus were outside the scope of the remand order).

II. Sentencing on Remand

¶ 3 Defendant also challenges the way in which the court imposed his sentence on remand. Specifically, he argues that the sentence mandated by *Notyce I* "should be imposed Nunc pro Tunc to his original date of sentencing," thus allowing the time he served between his original sentencing and resentencing to be eligible for earned good time credits. Instead, the court treated the time between his original sentence and resentencing as presentencing confinement, which, according to defendant, makes this time ineligible for earned good time credits.

¶ 4 Defendant has failed to indicate where he raised this issue below. C.A.R. 28(k) requires that "[f]or each issue raised on appeal, the party raising such issue must provide, under a separate heading placed before discussion of the issue ... a citation to the precise location in the record where the issue was raised and ruled on." This rule "relieve[s] courts from the burden of having to search records to determine whether (and, if so, how) issues had been raised and resolved in the trial courts." *O'Quinn v. Baca,* 250 P.3d 629, 631 (Colo.App.2010). Because of defendant's C.A.R. 28(k) violation, we will review only for plain error. *See* Crim. P. 52(b).

¶ 5 In the answer brief, the Attorney General asserted that defendant's sen-

tencing argument is not properly postured for appellate review, given his failure to "provide any analysis or meaningful argument to support his claim." We decline to address this assertion because we discern no plain error, for the following reasons:

- Under plain error review, the error must "be so clear-cut, so obvious, that a trial judge should be able to avoid it without benefit of objection." *People v. Pollard*, 2013 COA 31, ¶ 39, 307 P.3d 1124.

- "[W]e need not decide whether the court actually erred if it is clear that the alleged error was not obvious." *People v. Vigil*, 251 P.3d 442, 447 (Colo.App.2010).

- An error is not obvious, and therefore cannot be plain, where "nothing in our statutes or previous case law would have alerted the court" to the error. *People v. Mendoza*, 313 P.3d 637, 641 n. 4 (Colo. App.2011); *see also People v. Zubiate*, 2013 COA 69, ¶ 24, —— P.3d —— (an error "may be obvious if the issue has been decided by a division of this court or the Colorado Supreme Court, or if the trial court has erroneously applied statutory law").

- Defendant concedes the lack of "any case law or statutory authority supporting his contention."

¶ 6 Thus, error, if any, was not obvious, and could not have been plain. Accordingly, without addressing the merits of defendant's sentencing contention, we discern no plain error.

### III. Conclusion

¶ 7 The sentence is affirmed.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

JUDGE NEY * concurs.

JUDGE WEBB specially concurs.

JUDGE WEBB specially concurring.

¶ 8 While agreeing with the disposition of this appeal, I write separately to address an undecided question under Colorado law not mentioned by the majority: whether defendant waived his two trial error contentions by failing to either appeal those issues or cross-appeal them when the prosecution appealed his original sentence in *People v. Notyce*, (Colo.App. No. 09CA0999, 2010 WL 4132835, Oct. 21, 2010) (not published pursuant to C.A.R. 35(f)) (*Notyce I* ). I do so for the following reasons:

- The Attorney General raised and briefed this issue.
- In *Wend v. People*, 235 P.3d 1089, 1094–96 (Colo.2010), the court addressed the Attorney General's contention that Wend had "waived her right to appeal prosecutorial misconduct by failing to raise the issue as part of her first direct appeal."

- Comparable issues have arisen in unpublished opinions of this court. *See, e.g., People v. Garcia*, (Colo.App. No. 09CA0249, 2012 WL 1949333, May 31, 2012) (not published pursuant to C.A.R. 35(f)).

- Colorado authority supporting the majority's rationale—limiting appellate review based on the scope of an earlier remand—is scant.

- The scope of the remand is determined by the issues raised—or here, not raised—on appeal.

- Waiver offers a bright-line rule, whereas determining the scope of the remand will involve more case-by-case variability.

§ 24-51-1105, C.R.S.2013.

## I. Background

¶ 9 After the jury convicted defendant of theft, a class four felony, the trial court adjudicated him a habitual criminal based on three added habitual counts. The habitual criminal statute required the court to sentence defendant to twenty-four years in the custody of the Department of Corrections.[1] Instead, after conducting an extended proportionality review, the court found that a twenty-four-year sentence would be constitutionally disproportionate and imposed a six-year sentence. Defendant did not appeal.

¶ 10 The prosecution appealed the sentence, arguing that the court had erred by failing to conduct an abbreviated proportionality review, and under such a review, the twenty-four-year sentence did not give rise to an inference of gross disproportionality. Defendant filed an answer brief but did not cross-appeal.

¶ 11 The division in *Notyce I* concluded that "defendant's convictions are not so lacking in gravity and seriousness that the twenty-four-year statutory sentence yields an inference of gross disproportionality." It vacated the six-year sentence and remanded the case for the court to impose a twenty-four-year sentence as statutorily required. After resentencing, defendant brought this appeal.

¶ 12 Defendant's opening brief does not explain his failure to have appealed or conditionally cross-appealed any issue from the first trial. In the answer brief, the Attorney General argued waiver based on this failure. As defendant's counsel in this appeal was both his original trial counsel and his appellate counsel in *Notyce I,* he had a unique opportunity to explain why neither an appeal nor a cross-appeal had been taken. Yet, defense counsel did not file a reply brief.

For these reasons, I need not attempt to divine whether defendant had good cause for failing to raise alleged trial errors earlier.[2] *See Pastrana v. Hudock,* 140 P.3d 188, 189 (Colo.App.2006) ("We will not search the record for evidence to support allegations of error.").

## II. Law

¶ 13 In general, " 'where a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay.' " *Wend,* 235 P.3d at 1095 (quoting *People v. Senior,* 33 Cal.App.4th 531, 41 Cal.Rptr.2d 1, 5 (1995)). But because the right to appeal is fundamental, "we construe the rules liberally and disfavor interpretations that work a forfeiture of that right." *Peterson v. People,* 113 P.3d 706, 708 (Colo.2005). As a result, "precedent demands we review this waiver issue with all doubts resolved in favor of preserving the appellate right." *Wend,* 235 P.3d at 1094.

¶ 14 Even so, our supreme court has recognized that this admonition does not excuse " 'culpable fault,' " especially where the failure to have raised the issue involves more than mere " 'errors or irregularities.' " *Id.* (quoting *Wigton v. Wigton,* 69 Colo. 19, 22, 169 P. 133, 134 (1917)). The court concluded that "[s]ection 16–12–101 guarantees a defendant only a single appeal when an issue could have been raised on the first appeal after a conviction, unless a significant change in the underlying facts or applicable law justifies subsequent appeals." *Id.*

¶ 15 The parties have not cited, nor have I found, a published Colorado case addressing whether a party who fails to cross-appeal an adverse judgment could raise trial errors in an appeal after remand.

---

1. *See* § 18–1.3–801, C.R.S. 2013 (presumptive range sentence of two to six years imprisonment for class four felony conviction; every person convicted of a felony who has been three times previously convicted of a felony on charges separately brought, tried, and arising out of separate and distinct criminal episodes "shall be adjudged an habitual criminal and shall be punished for the felony offense of which such person is convicted by imprisonment ... for a term of four times the maximum presumptive range").

2. One explanation is that defendant chose not to appeal or cross-appeal his judgment of conviction because had the prosecution's appeal failed, no further proceedings would have occurred, leaving defendant with his six-year sentence, he was satisfied with that outcome, and he wished to avoid a new trial with the risk of a lengthier sentence.

¶ 16 Other jurisdictions have recognized a procedural default where a party has failed to cross-appeal an issue that could have been raised in the first appeal. *See, e.g., Art Midwest Inc. v. Atl. Ltd. P'ship XII*, 742 F.3d 206, 212 (5th Cir.2014) ("[B]y not cross-appealing the fraud finding, the [parties] could not raise the same … claims on remand."); *Kessler v. Nat'l Enters., Inc.*, 203 F.3d 1058, 1059 (8th Cir.2000) (failure to cross-appeal dismissal of third-party complaint precluded the defendant from raising dismissal on appeal after remand); *Baber v. State*, 776 So.2d 309, 311 (Fla.Dist.Ct.App. 2000) (precluding prosecution from raising issue that was subject of direct appeal and "the state did not cross-appeal that issue").[3]

¶ 17 Such cases posit some useful guidelines. To begin, holding the later appeal of issues that could have been raised earlier waived "is prudential, not jurisdictional." *Kessler*, 203 F.3d at 1059. Whether a party fails to raise an issue on direct appeal or fails to do so on cross-appeal, the failure similarly implicates a "practical concern for judicial economy, as [either] channels into the first appeal issues whose early resolution might obviate the need for later rounds of remands and appeals." *Crocker v. Piedmont Aviation, Inc.*, 49 F.3d 735, 740 (D.C.Cir.1995). And recognizing a procedural bar "is, of course, necessary to the orderly conduct of litigation." *Laffey v. Nw. Airlines, Inc.*, 740 F.2d 1071, 1089 (D.C.Cir.1984). But the court should not require parties "to file either a procedurally dubious cross-appeal in the district court and in [appellate] court[s], or to brief and argue what, to any attorney, might have seemed an entirely redundant point." *United States v. Castellanos*, 608 F.3d 1010,

1019 (8th Cir.2010) (internal quotation marks omitted).

## III. Application

¶ 18 For the following six reasons, I would conclude that applying a procedural bar based on defendant's failure to cross-appeal is consistent with Colorado criminal cases, at least where—as here—the failure rises to the level of culpable fault.

¶ 19 First, defendant could have made "a showing of justification," *Wend*, 235 P.3d at 1095, but as indicated, has failed to do so.

¶ 20 Second, defendant's failure to appeal or cross-appeal goes beyond mere excusable "'errors or irregularities.'" *Wend*, 235 P.3d at 1094 (quoting *Wigton*, 69 Colo. at 22, 169 P. at 134). This is so because, unlike in *Wend*, where the state of applicable Colorado law had undergone "a significant change," *id.* at 1095, here no uncertainty clouds either of the issues that defendant seeks to raise. Also unlike in *Wend*, here defendant did not suffer a new conviction; remand was for a "mere resentencing." *Id.* (citing *United States v. Fiallo–Jacome*, 874 F.2d 1479, 1483 (11th Cir.1989) (denying second appeal where, as here, there was only a resentencing without reconsidering the original conviction); *Senior*, 41 Cal.Rptr.2d at 2 (same)).[4]

¶ 21 Third, while *Wend* recognized "an exception where the first appeal could not have included the new issue in good faith," 235 P.3d at 1095, here I discern no reason why good faith would have precluded raising the two trial errors in an earlier direct appeal or cross-appeal, but would not preclude doing so now.[5]

---

**3.** However, some courts have declined to do so where requiring a party to cross-appeal "would burden appellees (and courts) with no appreciable benefit to appellate practice," such as where the prosecution appealed only one of multiple convictions in the first proceeding and the second appeal addressed the others, *United States v. Fennell*, 77 F.3d 510, 510 (D.C.Cir.1996) (internal quotation marks omitted), or where the issue that the party failed to raise related only to calculating the sentence, *see United States v. Garcia–Guizar*, 234 F.3d 483, 490–91 (9th Cir.2000).

**4.** *See also Becker v. State*, 719 N.E.2d 858, 860 (Ind.Ct.App.1999) ("On an appeal from resentencing, the appellate court is confined to review-

ing only the errors alleged to have occurred as a result of the resentencing. If an issue was available for litigation in direct appeal but was not in fact raised, then the issue has been waived." (citation omitted)).

**5.** *Cf.* Colo. RPC 3.1 (recognizing that a lawyer may bring a proceeding where "there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law").

¶ 22 Fourth, such an earlier direct appeal or cross-appeal would not implicate the concerns of fostering "procedurally dubious" or "entirely redundant" arguments. *Castellanos,* 608 F.3d at 1019 (internal quotation marks omitted). Here, as discussed above, defendant had a statutory right to a direct appeal raising either of the trial errors that he now seeks to assert; he could also have done so by cross-appeal, without procedural risk. And because the prosecution appealed only proportionality, the trial error arguments would not have been repetitive or merely defensive.

¶ 23 Fifth, raising those errors on direct appeal or cross-appeal would have furthered judicial economy, because had defendant succeeded, the proportionality issue would have become moot. *See, e.g., People v. Walters,* 148 P.3d 331, 339 (Colo.App.2006) ("Because we reverse the conviction for sexual assault on a child, we need not address defendant's contention that his sentence violated due process, equal protection of the law, and the prohibition against cruel and unusual punishment.").

¶ 24 Sixth, appeals by the prosecution are limited by the Double Jeopardy rule. *See* § 16–12–102(1), C.R.S.2013 (authorizing the prosecution to "appeal any decision of a court in a criminal case upon any question of law"); *see also People v. Sanders,* 220 P.3d 1020 (Colo.App.2009) (prosecution may appeal sentence). For this reason, I discount the concern of motivating appellees "to file every conceivable protective cross-appeal, thereby needlessly increasing the scope and complexity of initial appeals." *Kessler,* 203 F.3d at 1059.

### IV. Conclusion

¶ 25 I would conclude that by failing to raise the two trial issues on appeal or cross-appeal, defendant is procedurally barred from raising those issues.