No. 10,447.

BARNARD, ET AL. *v.* MOORE.

Decided October 2, 1922.

Proceedings involving an appeal from the county to the district court. Appeal dismissed.

*Reversed.*

*On Application for Supersedeas.*

1. APPEALS—*Statutes.* Statutes governing appeals are mandatory and must be strictly followed. This rule, however, does not require an interpretation of a statute to be so strict as to deny a right of appeal, when parties have acted in good faith and with reasonable promptness.

2. *County to District Court—Transcript.* The provisions of section 1538, R. S. 1908, concerning appeals, and imposing a penalty upon the clerk or judge of the county court for not filing a record on appeal within the prescribed time, does not indicate an intent to make it the duty of the appellant to see that it is so filed. Neither does the section *require* that the transcript be filed within ten days.

3. *Fees—Credit by Court Clerks.* Court clerks may extend credit to litigants, and in the absence of a positive limitation of time within which fees must be paid, a failure to pay them will not be regarded as defeating an appeal perfected in other respects.

4. *Default of Clerk—Rights of Appellant.* Under the provisions of section 1538, R. S. 1908, concerning appeals, no default upon

the part of the clerk of the court shall adversely affect the rights of appellant.

*Error to the District Court of Teller County, Hon. Arthur Cornforth, Judge.*

Mr. FRANK J. HANGS, for plaintiffs in error..

Messrs. ALTER & UPTON, for defendant in error. .

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

DEFENDANT in error obtained judgment against the plaintiffs in error in the county court and from said judgment the defendants below appealed to the district court, and on the 3rd day of January, 1922, the appeal bond was filed and approved.

A record on appeal was ordered on that day, was certified on the 18th of January, and was filed in the office of the clerk of the district court on the 25th day of January. The fees for the transcript were paid January 23rd. The case was twice set for trial, in the district court, and on the 28th of June, 1922, attorneys for defendant, appearing specially, moved to dismiss the appeal on the ground that the appellants had failed, within ten days after the appeal, to pay the costs of taking the same, and that they had not filed, within said ten days, a transcript in the district court.

The court sustained the motion and dismissed the appeal. The cause is now before us on error to the judgment of dismissal.

To sustain the judgment counsel for defendant in error rely upon section 1538 R. S. 1908, which reads as follows:.

"1538. Papers filed in district court—Failure of appellant to docket.—Sec. 146. Within ten days after such appeal shall have been made, according to the foregoing provisions, and upon payment of the costs of taking the appeal only, the clerk or judge of the court from which the appeal is taken shall file in the office of the clerk of the district court of the same county all the original process, pleadings

and other papers relating to the suit, and filed in the county court, together with a transcript of all the entries made on the records of the county court relating to said cause. The failure of the clerk or judge of the county court to file such papers and transcript within the time herein prescribed shall not affect the appeal; but in such case neither the clerk nor judge shall be entitled to any fees in the same cause; and in case the appeal is not docketed by the appellant in the district court within thirty days after being lodged with the clerk of the district court, the transcript shall be remitted by the clerk of the district court to the county court; and the county court shall proceed on said judgment as though no appeal had been taken."

It is contended that the district court obtained no jurisdiction because the fees for the transcript from the county court were not paid, and the transcript filed in the district court within ten days from the taking of the appeal.

Numerous cases are cited to the effect that the statutes governing appeals are mandatory and must be strictly followed. There is no question that that is the rule of law established in this jurisdiction. That does not, however, require an interpretation of a statute to be so strict as to deny a right of appeal when parties have acted in good faith, and with reasonable promptness. We have held that the contrary is the rule. *Wigton v. Wigton,* 69 Colo. 19, 169 Pac. 133; *Childers v. Baird,* 59 Colo. 382, 148 Pac. 854.

From the record it appears that the attorney for the appellant, on filing the bond and ordering the record, asked what the cost would be, and was told that payment was not necessary at that time; that the costs could be paid when the record was complete.

It is undisputed that the record was filed in the district court and the docket fee paid on the 25th of January. That no one suffered by such delay as there was, would appear from the fact that no move was made to dismiss the appeal until June 28th, two settings for trial having been made in the meantime.

The provision of the statute which imposes a penalty upon the clerk or judge of the county court for not filing a record on appeal within a prescribed time does not indicate an intent to make it the duty of the appellant to see that it is so filed, nor does it *require* that the transcript be filed within ten days. Unless, however, the costs of the transcript have been paid within that time, the clerk of the county court is not in default, and subject to a penalty. That clerks may extend credit to litigants is established by the holdings of this court in the cases just cited, and in the absence of a positive limitation of time within which fees must be paid, a failure to pay such fees will not be regarded as defeating an appeal perfected in other respects.

The statute is explicit that no default upon the part of the clerk shall adversely effect the rights of an appellant. It would be a strained construction of the law, and wholly at variance with the decisions of this court, to hold that when a litigant had offered to pay the costs on the ordering of a record, and had been given credit, as in this case, a failure to make payment within the ten days mentioned in the statute should forfeit his right to have the case heard on its merits.

We are of the opinion that the district court had jurisdiction of the case, and the judgment of dismissal was error. The judgment is accordingly reversed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.