## No. 10,625.

### MARKEY *v.* THE PEOPLE.

Decided June 4, 1923.

Plaintiff in error was convicted of contributing to juvenile delinquency.

*Reversed.*

*On Application for Supersedeas.*

1. APPEALS—*County to District Court—Statutory Construction.* On appeal from county to district court, when appellant has acted in good faith, with reasonable promptness, and no one has suffered, the statute regarding payment of costs ought not to be so strictly construed as to deny the right of appeal.

*Error to the District Court of Teller County, Hon. Arthur Cornforth, Judge.*

Mr. FRANK J. HANGS, for plaintiff in error.

Mr. RUSSELL W. FLEMING, attorney general, Mr. HAROLD CLARK THOMPSON, assistant for the people.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

MARKEY was convicted in the county court of Teller county of contributing to juvenile delinquency. He took an appeal to the district court which was dismissed because he did not pay the costs of the transcript of record in the county court within ten days after his appeal was made as prescribed by C. L. § 5778. The plaintiff in error has filed no motion for a supersedeas, but we will treat his argument as if he had, since the Attorney General has so treated it.

The case was tried in the county court in June, 1922, an appeal was taken to the district court and an appeal bond filed and approved June 14, 1922. On the same day counsel for plaintiff in error, with intention to pay the costs of appeal, asked the clerk of the county court what they would be and was told by her that she did not know what they would be but it would be all right to make payment after the transcript was made. He went to the county court several times afterwards to pay for the record, but was informed it was not ready, nor the figures made. On the 23rd he was told it would be ready that afternoon or the next morning. It was, in fact, completed and certified on that day. On the afternoon of Saturday,

the 24th, he went to get it but the clerk's office was closed. On Monday the 26th and on the 27th he was engaged in the district court. On the 28th he paid the fees and docketed the case in the district court. On the 30th the deputy district attorney filed a motion to dismiss. On July 6th the court heard the motion and dismissed the appeal.

Plaintiff in error cites *Barnard v. Moore,* 72 Colo. 146, 209 Pac. 800, and we think it supports his contention.

That case holds that when the appellant has acted in good faith and with reasonable promptness and no one has suffered by the delay the statute ought not to be so strictly construed as to deny the right of appeal. The facts there seem substantially the same as those here.

Supersedeas denied. Judgment reversed with direction to reinstate the appeal and proceed with the case.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE WHITFORD concur.