## No. C-253

### Harold James Mills v. The People of the State of Colorado
(509 P.2d 594)

Decided April 2, 1973.                    Rehearing denied May 21, 1973.

Albert Cohen, for petitioner.

Robert R. Gallagher, Jr., District Attorney, Thomas C. Levi, Deputy, John A. Burns, Deputy, Jerrie F. Eckleberger, Deputy, for respondent.

MR. JUSTICE DAY delivered the opinion of the Court.

Petitioner Mills, who was defendant in the Arapahoe county court, was found guilty by a jury on two misdemeanor counts on July 9, 1971. He received two 90-day sentences in the Arapahoe county jail and was ordered to pay costs. Both sentences were to be served concurrently. The defendant immediately indicated his desire to appeal the judgment, and a $3,000 appeal bond was made that day.

Ten days later on July 19, defendant filed a motion for new trial, arrest of judgment, and for vacation and correction of an illegal sentence. All these motions were summarily denied without hearing the same day. On August 19, 1971, defendant filed a motion for leave to apply for probation, which was denied on September 2, 1971.

Defendant filed his notice of appeal on August 18, 1971. A transcript was ordered and notice was given to the district attorney of the completion of the transcript. Three extensions of time were also granted to the defendant within which to file his appellate brief in the district court.

A motion was filed by the People in the district court to dismiss the appeal for lack of jurisdiction because the notice of appeal had not been timely filed pursuant to Crim. P. 37. This motion was granted, and the matter is presently before this court for review by certiorari.

Petitioner-defendant's major contention is that because he filed a motion for new trial, which was not required, he was relieved of the requirement to file a notice of appeal within the thirty-day time limit provided by Crim. P. 37(a). The defendant contends that because a motion for a new trial is permitted under Crim. P. 37(b) the rule would be of no consequence if Crim. P. 37(a) could compel him to prepare for an appeal at the same time.

It is particularly significant in this case that judgment and sentence had been entered in the county court. At the expiration of 30 days — no notice of appeal having been filed

— it became final. The filing of a motion for a new trial — without more — does not operate to stay execution of a judgment or sentence, nor can it have the effect of automatically extending the time to file a notice of appeal. Affirmative request to the county court for a stay, and if denied, to the district court is essential to operate against the effect of the judgment. It is a simple matter provided for in the rules to ask for either a stay or extension of time with advice to the court that motion for a new trial is either filed, or contemplated to be filed, within the extended time. Similar jurisdictional problems in civil procedure have been dealt with in *McKelvey v. District Court,* 140 Colo. 557, 345 P.2d 726; *Andrews v. Lull,* 139 Colo. 536, 341 P.2d 475; *Niles v. Shinkle,* 119 Colo. 458, 204 P.2d 1077, with the result we herein announce.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE does not participate.