## No. 80SA295

**Sonia F. Widener v. District Court in and for the County of Jefferson and Ronald J. Hardesty, a Judge of said Court**

(615 P.2d 33)

Decided August 18, 1980.

Arthur R. Karstaedt III, for petitioner.

Gary L. Polidori, P.C., Gary L. Polidori, for respondents.

*En Banc.*

JUSTICE LOHR delivered the opinion of the Court.

We issued a rule directing the district court to show cause why the petition of Sonia F. Widener to permit late filing of a notice of appeal should not be granted. We now make that rule absolute.

Re/Max Suburban, Inc., obtained a judgment in the amount of $3,955 plus costs against Sonia F. Widener (defendant) in district court on or about March 13, 1980. On April 17, 1980, the trial court denied the defendant's motion for a new trial. The thirty-day period allowed by C.A.R. 4(a) for filing a notice of appeal in the trial court expired on May 19, 1980.[1] On May 16 the defendant filed a motion to stay judgment and for approval of a supersedeas bond. No notice of appeal was filed at that time. On May 21, 1980, the defendant discovered that a notice of appeal had not been filed. On the following day the defendant filed a motion to permit late filing of a notice of appeal, together with a notice of appeal. Ater a hearing the trial court denied that motion. The defendant then brought this original proceeding pursuant to C.A.R. 21.

In order to take an appeal from the judgment of a trial court in a civil case, a notice of appeal must be filed with the clerk of the trial court within thirty days of the date of the judgment where, as here, the

---

[1] The thirtieth day was May 17, a Saturday. May 18 being Sunday, the defendant was allowed until May 19 to accomplish the filing. C.A.R. 26(a).

parties are present at the time the judgment is announced.[2] C.A.R. 3(a), 4(a). Certain provisions are made for extension of time by an order of the trial court upon a showing of excusable neglect. C.A.R. 4(a). Failure to file a notice of appeal within the prescribed time deprives the appellate court of jurisdiction and precludes a review of the merits. *Bosworth Data Services, Inc. v. Gloss,* 41 Colo. App. 530, 587 P.2d 1201 (1978).

The defendant contends that a notice of appeal had been prepared for filing concurrently with the filing of the motion to stay judgment and for approval of a supersedeas bond. She contends that the failure to accomplish such filing resulted from a mistake in her attorney's office; that the mistake was discovered by the attorney in reviewing the court file on May 21; that the motion to permit late filing of the notice of appeal was filed promptly thereafter; and that such circumstances constitute excusable neglect within the meaning of C.A.R. 4(a).

■ We conclude that the motion to stay judgment and for approval of a supersedeas bond contains language which is adequate to serve as a notice of appeal. For this reason we need not consider the circumstances which caused the notice of appeal not to be filed within the prescribed time, or whether such circumstances in themselves would make it an abuse of discretion for the trial court to refuse to extend the time for filing the notice of appeal pursuant to the authority in C.A.R. 4(a).

The content of the notice of appeal is prescribed by C.A.R. 3(c) as follows:

"*Content of the Notice of Appeal.* The notice of appeal shall specify the party or parties taking the appeal; and shall designate the judgment, order, or part thereof appealed from."

The motion to stay judgment and for approval of a supersedeas bond contains the following relevant language:

"1.    That Notice of Appeal was filed with this Court on May 16, 1980, appealing this Court's denial of new trial and judgment in the amount of Thirty-nine Hundred Fifty-five Dollars ($3,955.00) and costs against Defendant, Sonia F. Widener."

That language contains everything necessary to comply with the requirements of C.A.R. 3(c) with respect to the content of the notice of appeal. The motion was served on the plaintiff by mailing a copy to its counsel.

■ The purpose of the notice of appeal is simply to put the other party on notice that an appeal will be taken and to identify the action of the trial court from which the appeal is to be taken. *See Happy Canyon Investment Co. v. Title Insurance Co. of Minnesota,* 38 Colo. App. 385, 560 P.2d 839 (1976); *Comtrol, Inc. v. Mountain States Telephone*

---

[2] It can be inferred from the materials filed in this court that the judgment was announced in the presence of the parties at the conclusion of the trial.

*and Telegraph Co.,* 32 Colo. App. 384, 513 P.2d 1082 (1973); *see also State Farm Mutual Automobile Insurance Co. v. Palmer,* 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823 (1956), *rev'g per curiam,* 225 F.2d 876 (9th Cir. 1955); *Department of Transportation v. Galley,* 12 Ill. App. 3d 1072, 299 N.E.2d 810 (1973). If the prevailing party could not be misled as to the intention to appeal or as to the judgment from which the appeal is to be taken, any technical defect in the notice of appeal is harmless. *See Happy Canyon Investment Co. v. Title Insurance Co. of Minnesota, supra; Comtrol, Inc. v. Mountains States Telephone and Telegraph Co., supra.* Substantial compliance with C.A.R. 3(c) is all that is required. *See Cobb v. Lewis,* 488 F.2d 41 (5th Cir. 1974); *Des Isles v. Evans,* 225 F.2d 235 (5th Cir. 1955). Lack of designation in the caption that the document is a notice of appeal will not defeat substantial compliance. *See Johnson v. Johnson,* 74 N.M. 567, 396 P.2d 181 (1964); *see generally Grimes v. Greenblatt,* 47 Colo. 495, 107 P. 1111 (1910).

■ We conclude that the defendant substantially complied with C.A.R. 3(c) and 4(a) by filing the motion to stay judgment and for approval of a supersedeas bond. Under the particular circumstances present here, it was an abuse of discretion for the trial court not to rule that the motion to stay judgment and for approval of a supersedeas bond was adequate to constitute a notice of appeal, or in the alternative to permit late filing of a notice of appeal pursuant to C.A.R. 4(a) in order to clarify the record.

The rule is made absolute.