704 P.2d 845 (1985)
In the Matter of the ESTATE OF Charles R. JONES, Deceased.
Harold M. ALLDREDGE and William F. Alldredge, Claimants-Petitioners,
v.
Blanche FORBIS, Claimant-Respondent, and
United Bank of Fort Collins, N.A., Trustee-Respondent.
No. 84SC190.
Supreme Court of Colorado, En Banc.
August 19, 1985.
*846 Dean & Martin, Daniel W. Dean, Fort Collins, for claimants-petitioners.
Claimant-respondent and trustee-respondent not appearing.
ERICKSON, Justice.
We granted certiorari to review an unpublished opinion of the court of appeals which dismissed an appeal following the denial by the Larimer County District Court of a motion for a final accounting and distribution of the corpus of a testamentary trust. The court of appeals held that the failure of the appellants to give notice of the appeal to certain persons named in the trust who were not parties and did not enter appearances but who were named in the district court's order as persons upon whom "copies of all pleadings" were to be served mandated dismissal of the appeal. We disagree and reverse and remand with directions.
A testamentary trust was established by Charles Jones in favor of his daughter for her lifetime, and named the Poudre Valley National Bank of Fort Collins as trustee. Following the death of the life estate beneficiary in 1982, the petitioners, William and Harold Alldredge, filed a petition for the ascertainment of beneficiaries and a final accounting, and asserted an interest as survivors and remaindermen in the distribution of the corpus of the trust. On August 16, 1982, the district court set the matter for a hearing, specified the names and addresses of persons named in the trust to whom "copies of all pleadings" were to be sent, and ordered that entries of appearance be filed within forty-five days. The trustee subsequently entered an appearance and asserted an interpretation of the trust that was contrary to that asserted by the petitioners. The district court adopted the interpretation advanced by the trustee following a hearing, and denied the petition for ascertainment of beneficiaries and a final accounting.
Following the denial of their motions to alter and amend the judgment and for rehearing and reconsideration, the petitioners filed a notice of appeal. Copies of the notice of appeal were sent by both the petitioners and the clerk of the Larimer County District Court to each party who entered an appearance in the action, but not to other persons named in the trust who did not enter an appearance in the action. However, on April 5, 1984, the court of appeals dismissed the appeal on the ground that the petitioners "failed to give notice of this appeal to each of those individuals named in the trial court's August 16, 1982 order, which specifically sets forth the names and addresses of each person upon whom `copies of all pleadings' were to be served...."
In dismissing the appeal, the court of appeals relied upon rule 4(a) of the Colorado Appellate Rules. However, the provisions of rule 4(a) govern only the initial filing of a notice of appeal with the district court by the appellant, and neither expressly nor impliedly require the service of notice of an appeal upon parties or non-parties. The pertinent appellate rule in effect at the time this appeal was initiated required the clerk of the trial court to "serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party other than the appellant." C.A.R.3(d).[1] However, the failure of the clerk to serve the requisite notice, which is not the case here, does not affect the validity of the appeal. Id.
*847 Under some circumstances, the failure of a party to comply with a directive or order of the court may be grounds for the dismissal of an appeal. See C.A.R.3(a). However, we can discern no procedural defect or omission that would warrant the dismissal of the appeal in this case. In our view, the district court's August 16 order designating the parties upon whom "copies of all pleadings" were to be served did not encompass service of notice of the appeal upon those persons so designated. "Pleadings" are the formal allegations by the parties of their respective claims and defenses, and are intended to provide notice of what is to be expected at trial. C.R.C.P. 7(a). See Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217 (1966). The notice of appeal is intended to apprise parties in the litigation of the pendency of an appeal and to identify the action of the trial court from which the appeal is taken. Widener v. District Court, 200 Colo. 398, 615 P.2d 33 (1980). The specific function of the notice of appeal is to require the clerk of the district court from which the appeal is taken to certify the record for review. Hull v. Denver Tramway Corp., 97 Colo. 523, 50 P.2d 791 (1935). The notice of appeal is not a "pleading" within the strict definition of the term, nor was it required to be served upon the individuals designated in the district court's August 16 order.
The judgment of the court of appeals is reversed, and the case is remanded to the court of appeals with directions to reinstate the appeal.
NOTES
[1] The applicable rule was amended in 1984.