Harald HELLMAN, Petitioner,

v.

William E. RHODES, Honorable Judge of the District Court of the County of El Paso, State of Colorado, Division 4, Respondent.

No. 87SA142.

Supreme Court of Colorado,
En Banc.

Sept. 8, 1987.

Harald Hellman, pro se.

Barney Iuppa, Dist. Atty., and Jeanne S. Bennett, Chief Deputy Dist. Atty., Colorado Springs, for respondent.

LOHR, Justice.

In this original proceeding under C.A.R. 21, we ordered the El Paso County District Court to show cause why it should not be required to vacate its order dismissing the appeal of Harald Hellman from a county court judgment of conviction of two charges under the Uniform Motor Vehicle Law, Title 42, articles 1 to 4, 17 C.R.S. (1984). The district court dismissed the appeal on the basis that it was not filed within the time allowed by the Colorado Rules of Criminal Procedure. We conclude that Hellman's appeal was timely because the judgment from which he appealed was not final until a sentence was imposed, and his notice of appeal was filed within thirty days thereafter, as authorized by Crim.P. 37. We therefore make the rule absolute.[1]

I.

On November 20, 1985, in a non-jury trial in the County Court for El Paso County, Harald Hellman was found guilty of driving without a valid license, § 42-2-101, 17 C.R.S. (1984), and violating the compulsory insurance requirement, § 42-4-1213, 17 C.R.S. (1984).[2] Sentencing was scheduled for December 19, 1985, but Hellman failed to appear and a warrant was issued for his arrest.

Hellman once again appeared before the trial court on October 17, 1986, and was

---

1. The district court's order dismissing the appeal from county court was subject to review by certiorari to this court. See § 13-6-310(4), 6 C.R.S. (1973); *Mills v. People*, 181 Colo. 168, 509 P.2d 594 (1973). Petitioner Hellman proceeds *pro se* before this court and, from the sketchy record available to us, appears to have represented himself in the county and district courts as well. We have elected to review this matter under C.A.R. 21, although it might be more precise procedurally to characterize this proceeding as authorized under the rules governing review by certiorari. See C.A.R. 49; C.A.R. 52.

2. Driving without a valid license is a misdemeanor. § 42-2-101(a), 17 C.R.S. (1984). Violating the compulsory insurance requirement is a misdemeanor traffic offense. § 42-4-1213(4), 17 C.R.S. (1984). Both misdemeanor traffic offenses and misdemeanors are violations of the public law and are within the jurisdiction of county courts. *Phillips v. County Court*, 42 Colo.App. 187, 591 P.2d 600 (1979).

sentenced to pay a fine based upon the convictions entered almost a year earlier. On November 14, 1986, within thirty days of sentencing, Hellman filed a notice of appeal, seeking review by the El Paso County District Court. The People moved to dismiss the appeal, contending that because the defendant was appealing trial issues rather than sentencing issues, and because Hellman's trial and resulting convictions occurred almost one year earlier, his notice was not timely filed. The district court agreed with the People's argument and dismissed Hellman's appeal. The court also stated that "the defendant's failure to appear for sentencing should not extend the thirty-day time limit under [Crim.P.] 37 to over one year."

Hellman then filed a motion to vacate the district court's order dismissing his appeal. As grounds for his motion to vacate, Hellman argued that the trial court had lacked jurisdiction, that the information filed in this case failed to state an offense within the jurisdiction of the court, and that he possessed the right to seek a writ of habeas corpus. The district court denied the motion to vacate.

Within thirty days after the district court's ruling, Hellman filed a petition for a writ of mandamus with this court, seeking the vacation of the order of dismissal. We issued a rule to show cause and now make the rule absolute.

## II.

The filing of an appeal from county court in a criminal case is governed by Crim.P. 37(a), which provides in pertinent part:

> The district attorney may appeal a question of law, and the defendant may appeal a judgment of the county court in a criminal action under simplified procedure to the district court of the county. To appeal the appellant shall, *within thirty days after the date of entry of the judgment* or the denial of posttrial motions, whichever is later, file notice of appeal in the county court, post such advance costs as may be required for the preparation of the record and serve a copy of the notice of appeal upon the appellee....

Crim.P. 37(a), 7B C.R.S. (1984) (emphasis added). Accordingly, the critical date from which to measure the thirty-day appeal period is the date of entry of the judgment.

Crim.P. 32(c) provides the definition of a judgment with respect to criminal trials:

> A judgment of conviction shall consist of a recital of the plea, the verdict or findings, *the sentence*, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant. Except in cases where judgment of conviction has been entered following a plea of guilty or nolo contendere, the court shall, *after passing sentence*, inform the defendant of his right to seek review of his conviction.... In addition, the court shall, *after passing sentence*, inform the defendant of his rights concerning appellate review of his sentence....

Crim.P. 32(c), 7B C.R.S. (1984) (emphasis added). Crim.P. 32(c) makes it clear that a judgment in a criminal case is not final until after a sentence has been passed. Colorado case law is consistent with this interpretation. *See Mills v. People,* 181 Colo. 168, 509 P.2d 594 (1973) (when no notice of appeal had been filed within thirty days of entry of judgment and sentence in the county court, the judgment became final and unappealable).

Pursuant to Crim.P. 32(c), a judgment of conviction is composed of a recital of the results of several procedural steps, not all of which necessarily occur simultaneously. It is not until the last step has been completed, whether it be sentencing or the imposition of costs, and a judgment has been entered reciting "the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement and costs, if any are assessed against the defendant," that the thirty-day period

for filing an appeal begins to run. *See People v. Fisher*, 189 Colo. 297, 539 P.2d 1258 (1975) (final judgment was entered, for purpose of appeal, when trial court reversed its previous order imposing costs on the defendant; therefore state's appeal, taken more than thirty days after sentencing but less than thirty days after order that costs not be imposed, was proper). Here, the sentence was not passed until October 17, 1986. On that date, the thirty-day period began to run. Because Hellman's notice of appeal was filed on November 14, 1986, it was timely. The fact that he appeals trial issues rather than sentencing issues has no bearing on the timeliness of filing his appeal.

The People argue, however, that the imposition of sentence was delayed because of Hellman's voluntary unavailability, and that he should not be able to extend the appeal period by failing to appear for sentencing. Although this argument has equitable appeal, the rules make no provision for an exception in such circumstances. Until sentence is imposed there can be no final judgment, Crim.P. 32(c), and until final judgment is entered, there can be no appeal by a defendant, Crim.P. 37(a).

The district court erred in dismissing Hellman's appeal. The rule to show cause is made absolute.