PUEBLO, a Municipal Corporation, Petitioner–Appellant,

v.

The COUNTY COURT IN AND FOR the COUNTY OF PUEBLO IN the 10TH JUDICIAL DISTRICT and State of Colorado, and the Honorable Alex Martinez, one of the Judges thereof and John L. Dappen, Respondents–Appellees.

No. 86CA1664.

Colorado Court of Appeals, Div. IV.

Aug. 11, 1988.

Thomas E. Jagger, Thomas J. Florczak, Pueblo, for petitioner-appellant.

D. Wayne Patton, Pueblo, for respondents-appellees.

NEY, Judge.

Petitioner, City of Pueblo (city), appeals the district court order holding that respondent's notice of appeal substantially complied with the applicable statute and validly perfected his appeal from municipal to county court. We affirm.

John Dappen was found guilty of speeding in Pueblo Municipal Court and was fined $35. Dappen filed a handwritten note signed by him which stated: "I John L. Dappen wish to appell (sic) my ticket no. T20865 to county court for speeding 48 in 30 mile zone."

The city filed a motion to dismiss the appeal arguing that the notice of appeal was fatally defective and legally insufficient to confer county court jurisdiction. The county court denied the motion and scheduled the case for trial *de novo*. The city then commenced a C.R.C.P. 106 action in district court, requesting dismissal of the appeal in county court. The district court also found the notice of appeal sufficient.

We agree with the city that the filing of a notice of appeal is a jurisdictional requirement in an appeal from municipal to county court. *See* § 13–10–118(1), C.R.S. (1987 Repl.Vol. 6A). However, we agree with the district court that the respondent substantially complied with the requirements of the statute.

The purpose of the notice of appeal is simply to put the other party on notice that an appeal will be taken and to identify the judgment appealed. *Widener v. District Court*, 200 Colo. 398, 615 P.2d 33 (1980). If a party cannot be misled as to the intention to appeal or the judgment appealed from, any technical defect in the notice of appeal is harmless. *Widener, supra; Happy Canyon Investment Co. v. Title Insurance Co.*, 38 Colo.App. 385, 560 P.2d 839 (1976).

Here, the notice of appeal provided the respondent's name, identification of the offense or violation of which the respondent was convicted, the summons number, and a statement that the respondent intended to appeal the judgment. The city could not be misled about respondent's intention to appeal, or the subject matter of that appeal.

We reject the city's contention that a stricter standard of procedural compliance is mandated where the General Assembly, rather than the judiciary, defines the appellate procedure to be used. We hold that the doctrine of substantial compliance applies equally to appellate procedures required by statute or by judicial rule. *See People v. Campbell*, 742 P.2d 302 (Colo.1987); *Strong Bros. Enterprises v. Estate of Strong*, 666 P.2d 1109 (Colo. App.1983)

Judgment affirmed.

BABCOCK and HUME, JJ., concur.