## COLORADO STATE BOARD OF NURSING, Petitioner–Appellee,

v.

## Sharon E. GEARY, a/k/a Sharon Reid, RN., License No. 87056, Respondent-Appellant.

#### No. 96CA0970.

Colorado Court of Appeals, Div. II.

Aug. 7, 1997.

Rehearing Denied Sept. 4, 1997.

Certiorari Denied May 11, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Merrill Shields, Deputy Attorney General, Linda L. Siderius, First Assistant Attorney General, Darlene H. Harney, Assistant Attorney General, Denver, for Petitioner–Appellee.

Yu Stromberg Cleveland, P.C., Frederick Y. Yu, Denver, for Respondent–Appellant.

Opinion by Judge PLANK.

Respondent, Sharon Reid Geary, appeals from an order of the Colorado State Board of Nursing (board) which imposed restrictions upon her professional nursing license for a two-year probationary period. We affirm.

Respondent is licensed in Colorado as a professional nurse. In October 1994, the board brought disciplinary action against her for violating certain provisions of the Nurse Practice Act, § 12–38–101, et seq., C.R.S. (1996 Cum.Supp.).

Following a hearing, an Administrative Law Judge (ALJ) rendered an initial decision on June 27, 1995. The ALJ recommended that respondent be placed on a two-year probationary period and that she be required to attend remedial training.

On appeal to the Board, it adopted the findings of fact and conclusions of law contained in the ALJ's initial decision and imposed the sanction recommended by the ALJ. This appeal followed.

## I.

Respondent contends that she was deprived of procedural due process in violation of the Colorado and United States constitutions. In response, the board claims that this court is without jurisdiction to address her appeal. We disagree with both of these contentions.

### A. Jurisdiction

Section 12–38–120(4), C.R.S. (1996 Cum. Supp.) of the Nurse Practice Act provides that disciplinary proceedings shall be conducted in the manner prescribed by the Administrative Procedure Act (APA), § 24–4–101, et seq., C.R.S. (1988 Repl.Vol. 10A).

Section 24–4–106(11), C.R.S. (1988 Repl. Vol. 10A) provides that judicial review of the board's action may be directed to the court of appeals and that:

> Such proceeding shall be commenced by the filing of a notice of appeal with the court of appeals within forty-five days after the date of the service of the final order entered in the action by the agency.... The date of an order is the date on which a copy of the order is delivered in person or, if service is by mail, the date of mailing.

The timely filing of a notice of appeal is a jurisdictional requirement. *Widener v. District Court*, 200 Colo. 398, 615 P.2d 33 (1980).

The record indicates that on November 14, 1995, the board's final agency order was mailed to respondent at her most recent addresses of record. However, respondent has submitted an affidavit that she did not receive such notice. Meanwhile, on March 20, 1996, respondent wrote to the board and requested a copy of the final order, which was then sent to her again on April 19, 1996.

Respondent filed her notice of appeal on May 29, 1996, more than six months after the first copy of the final order was mailed, but less than 45 days after the second copy was sent to her. Respondent claims that she received only the second mailing and that prior to that time she had no formal notice of the board's final action.

Here, a division of this court on June 14, 1996, denied the board's motion for dismissal, in which the board contended that this court lacked jurisdiction because respondent failed to file her notice of appeal in a timely manner. Thus, jurisdiction has already been decided, and we decline to reconsider the issue.

### B. Due Process

The essence of procedural due process is fundamental fairness. This embodies adequate advance notice and an opportunity to be heard prior to government action resulting in deprivation of a significant property interest. *Mathews v. Eldridge*, 424 U.S. 319 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); *City & County of Denver v. Eggert*, 647 P.2d 216 (Colo.1982).

Respondent does not dispute that she received notice of the charges against her at a time when she was residing in Germany. Upon receiving such notice, respondent filed a motion for an indefinite continuance or stay of the proceedings. That motion was denied. On December 12, 1994, a hearing was set before an ALJ for June 6 and 7, 1995. Notice of that hearing was sent to respondent's attorney.

Respondent's attorney subsequently filed a motion to withdraw from the case. While that motion was pending, the hearing was reset for June 15 and 16, 1995. The record indicates that notice of the new hearing dates was mailed to respondent, at a slightly incorrect address, and to respondent's attorney.

The ALJ subsequently permitted withdrawal of respondent's attorney, who then mailed to respondent at her correct last known address a copy of the notice of new hearing dates.

On May 29, 1995, respondent sent to the ALJ a letter and an audiotape in which she again asked for postponement of the hearing until she could be "officially notified and given time to prepare." She indicated that she believed the hearing was scheduled for June 5 and 6, 1995.

A status conference was held on June 7, 1995. In view of respondent's assertions and the typographical error with respect to respondent's address, a question arose as to whether she had been properly served with notice of the June 15 and 16 hearing dates. A decision on respondent's request for postponement was held in abeyance to allow the board to put on evidence concerning service of the notice of new hearing dates.

On June 15, 1995, a hearing commenced to hear such evidence. Respondent did not appear. Her former attorney testified that he sent her a letter and a copy of the notice of new hearing dates.

The ALJ found as follows: that respondent's copy of the notice of new hearing dates was erroneously mailed to a slightly incorrect address; that respondent's former counsel mailed to her correct last known address in Germany a copy of the notice of new hearing dates; that this mailing was not returned to respondent's former counsel; that respondent supplied no credible evidence that she did not receive actual notice of the new hearing dates; and that through former counsel she was timely and properly served with notice of the dates and location of the new hearing.

The ALJ further found that respondent's "unsupported and unpersuasive assertions of lack of actual notice" of the new hearing dates "have not overcome the presumption of proper service and actual receipt" which exists because "respondent was timely served by mailing the notice of new hearing dates by first class mail to [the] last address furnished by respondent to the board."

The ALJ concluded that respondent had received adequate notice of the new hearing dates pursuant to requirements of due process and the APA. The hearing then proceeded on the merits. The ALJ considered a tape recording and exhibits submitted by respondent.

Unless contrary to the weight of the evidence, a hearing officer's determinations of evidentiary fact cannot be set aside by a reviewing court. Section 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A). Here, the ALJ's findings were adopted by the board, and, because they are supported by substantial evidence in the record before us, we conclude that respondent was given notice and the opportunity to be heard. *See Samaritan Institute v. Prince–Walker,* 883 P.2d 3 (Colo.1994). Thus, she was not denied due process.

II.

■ Respondent also contends that the board and the ALJ, by conducting the disciplinary hearing in her absence, violated her rights under the APA. We disagree.

The Nurse Practice Act provides that disciplinary proceedings are to be conducted in the manner prescribed by the APA, and that the hearing and opportunity for review are to be conducted pursuant to that article. Section 12–38–120(4) C.R.S., (1996 Cum.Supp.).

Respondent's license may not be limited until after a hearing as provided for in the APA. Section 24–4–104(6), C.R.S. (1988 Repl. Vol. 10A).

In any such proceeding . . . the parties are entitled to a hearing and decision in conformity with this section. Any person entitled to notice of a hearing shall be given timely notice of the time, place, and nature thereof, the legal authority and jurisdiction under which it is to be held, and the matters of fact and law asserted. Unless otherwise provided by law, such notice shall be served personally or by mailing by first-class mail to the last address furnished the agency by the person to be notified at least thirty days prior to the hearing. In fixing the time and place for a hearing, due regard shall be had for the convenience and necessity of the parties and their representatives.

Section 24–4–105(2)(a), C.R.S. (1996 Cum. Supp.).

Respondent argues that she was deprived of notice and due regard as to convenience and necessity in fixing the time of the hearing. Respondent also claims that, by conducting the hearing in her absence, the board deprived her of other rights afforded by the APA, such as the right to subpoena and to cross-examine witnesses.

However, due process requires only that respondent have an opportunity to be heard. It does not mandate that respondent, in fact, be heard if she does not choose to take advantage of the opportunity. *See Colorado State Board of Medical Examiners v. Boyle*, 924 P.2d 1113 (Colo.App.1996) and *Norton v. Colorado State Board of Medical Examiners*, 821 P.2d 897 (Colo.App.1991). Contrary to defendant's contention, these cases, which interpret language similar to the APA that is applicable to physicians under the former Medical Practice Act, § 12–36–118, C.R.S. (1991 Repl.Vol. 5B), are not distinguishable as to this issue.

Here, respondent had adequate and timely notice of the new hearing dates. Such notice was mailed to her by her former counsel on February 28, 1995, exactly three and one-half months prior to the hearing. She thus had an opportunity to appear and, by choosing not to do so, deprived herself of the other rights available to her under the APA.

Order affirmed.

BRIGGS and PIERCE*, JJ., concur.