**Phillip PETERSON, Petitioner,**

v.

.The **PEOPLE** of the State of
Colorado, Respondent.

No. 04SC18.

Supreme Court of Colorado,
En Banc.

May 2, 2005.

Charles L. Fife, Christopher B. Charles, Charles L. Fife & Associates, P.C., Denver, for Petitioner.

Don Quick, District Attorney, Seventeenth Judicial District, Jay Williford, Deputy District Attorney, Brighton, for Respondent.

Justice MARTINEZ delivered the Opinion of the Court.

Petitioner, Phillip Peterson, challenges an order of the Adams County District Court dismissing his appeal from a judgment of conviction entered by the County Court of Adams County. The district court dismissed the action as jurisdictionally barred because a notice of appeal was not filed in the county court pursuant to Crim. P. 37(a). We hold that the act required by Crim. P. 37(a) to invoke the jurisdiction of the district court is not filing a notice of appeal in county court, but timely docketing the appeal in the district court. Accordingly, we reverse the district court and remand for further proceedings.

## I. Facts and Proceedings Below

On March 25, 2003, Peterson was convicted in the Adams County Court of driving while ability impaired by alcohol[1] and failing to provide proof of insurance.[2] On June 19, 2003, the court sentenced Peterson to 180 days incarceration and imposed costs totaling $377.00. On July 17, 2003, Peterson filed a timely notice of appeal and designation of record with the Adams County District Court and served notice of the appeal on the Adams County District Attorney's Office. That same day, Peterson also filed a "Motion for Stay of Execution of Sentence Pending Appeal" with the county court. The motion to stay filed in the county court referenced the notice of appeal filed in the district court, stating, "Contemporaneous with the filing of this motion, Defendant-appellant is filing a notice of appeal to the District Court."

The county court granted Peterson's motion to stay, but by October 6, 2003, the district court had not yet received the record on appeal from the county court clerk as required by Crim. P. 37(c).[3] Peterson was directed by the district court to file the record on appeal within twenty days or suffer dismissal of the action. He therefore requested the county court to certify the transcript of a pretrial hearing that was the sole basis of the appeal. The county court certified this transcript on October 28, 2003, and it was filed with the district court on November 6, 2003. Upon receipt of the transcript, however, the district court clerk discovered that the county court file did not contain a notice of appeal.

On November 12, 2003, the district court issued an order to show cause why the case should not be dismissed for failure to file a notice of appeal in the county court. Six days later, on November 18, 2003, Peterson filed a notice of appeal in the county court and on November 28, 2003, answered that he believed a notice of appeal was properly filed with the county court back on July 17, 2003.[4] On December 3, 2003, without holding a

---

1. § 42–4–1301(a)(2), C.R.S. (2004).

2. § 42–4–1409(3), C.R.S. (2004).

3. Crim. P. 37(c) requires, *inter alia*, the county court clerk to certify the record on appeal for filing with the district court within forty days after judgment.

4. In Peterson's reply brief, his lawyer argues, "Counsel does not concede that he failed to file a notice of appeal in the county court." The district court, however, found that Peterson "failed to file a notice of appeal in the county court." For purposes of our analysis herein, we presume, without deciding, that a notice of appeal was not properly filed in the county court on July 17, 2003.

hearing, the district court dismissed the appeal. In its dismissal order, the district court held that "no such notice is found in the [county] court records" and that there was "no reason to believe the clerk of the Combined Courts made any error." Thereafter, Peterson petitioned this Court for certiorari and we granted review.

## II. Analysis

■ We granted certiorari to determine whether filing a notice of appeal in the county court is a jurisdictional requirement of Crim. P. 37(a) and whether substantial compliance satisfies the content requirement for a notice of appeal pursuant to Crim. P. 37(b).[5] We hold that filing a notice of appeal in the county court is not a jurisdictional requirement and that timely docketing an appeal in the district court is sufficient to invoke the appellate jurisdiction of that court.

Our analysis begins with Crim. P. 37(a) and the parties' respective interpretations of it. After rejecting the contention that all of the rule's requirements are jurisdictional, we refer to C.A.R. 3(a) which expressly conditions appellate jurisdiction upon the timely filing of a notice of appeal in the appellate court. We explain the jurisdictional significance of filing the appeal in the appellate court, and with this analysis as context, proceed to explore the origins of Crim. P. 37(a). We find that our early cases considered the docketing of the appeal in the appellate court a jurisdictional prerequisite. Because this requirement is consistent with the simplified procedure presently prescribed by Crim. P. 37(a) and the requirements of C.A.R. 3(a), we adhere to the principles established by our prior cases. We conclude that timely docketing an appeal in the district court is sufficient to invoke that court's jurisdiction and that filing a notice of appeal in the county court is not a jurisdictional requirement of Crim. P. 37(a).

### A.

■■ This Court retains plenary authority to promulgate and interpret the rules of criminal procedure. Colo. Const. art. VI, § 21; *Borer v. Lewis,* 91 P.3d 375, 380 (Colo. 2004). The rules of criminal procedure are intended to provide for the just determination of criminal proceedings and shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense and delay. Crim. P. 2. We read the rules together and adopt a construction consistent with their overall purpose. *Patterson v. Cronin,* 650 P.2d 531, 534 (Colo.1982); *Rowe v. Watered Down Farms,* 195 Colo. 152, 154, 576 P.2d 172, 173 (1978). We are also mindful that in Colorado, the right to direct appeal of a criminal conviction is fundamental. *See* § 16–12–101, C.R.S. (2004) ("Every person convicted of an offense under the statutes of this state has the right of appeal to review the proceedings resulting in conviction."); *People v. Baker,* 104 P.3d 893, 895 (Colo. 2005). Therefore, we construe the rules liberally and disfavor interpretations that work a forfeiture of that right. *Wigton v. Wigton,* 69 Colo. 19, 22, 169 P. 133, 134 (1917).

Crim. P. 37(a) governs the procedure for filing criminal appeals from the county court to the district court. It provides in relevant part:

> [T]he defendant may appeal a judgment of the county court in a criminal action under a simplified procedure to the district court of the county. To appeal the appellant shall, within thirty days ... file notice of appeal in the county court, post such advance costs as may be required for the preparation of the record and serve a copy of the notice of appeal upon the appellee. He shall also ... docket the appeal in the district court and pay the docket fee.

Crim. P. 37(a).

In construing this provision, the People direct our attention to the word "shall." The

---

**5.** We granted certiorari to consider:

Whether the Crim. P. 37(a) requirement of filing a notice of appeal with a county court clerk is a jurisdictional prerequisite that must be fulfilled before a district court can review the merits of a county court decision.

Whether substantial compliance is sufficient to fulfill the requirements for the contents of notices of appeals from county court to district court under Crim. P. 37(b).

People contend this language intimates absolute jurisdictional steps that must each be satisfied to invoke the jurisdiction of the district court. The People argue that because Crim. P. 37(a) contains no express jurisdictional language, we must construe the rule as mandating strict compliance with all its requirements. The People claim that because Peterson failed to strictly comply with each of the rule's prescriptions, the jurisdiction of the district court did not attach and it was therefore correct to dismiss the appeal.

In contrast, Peterson contends that because Crim. P. 37(a) contains no jurisdictional language and expressly prescribes a "simplified procedure," the jurisdiction of the district court is invoked so long as an appellant substantially complies with the spirit of the rule. Peterson contends that because he timely docketed his appeal in the district court, served notice of the appeal on the People, and notified the county court of the appeal via the motion to stay execution of sentence, he was in substantial compliance with the rule.

■ Initially, we reject the contention that the word "shall" confers jurisdictional significance upon the requirements of Crim. P. 37(a). Although "shall" typically denotes mandatory action, *see Riley v. People*, 104 P.3d 218, 221 (Colo.2004), the parties do not dispute that filing a notice of appeal in the county court is required by Crim. P. 37(a). The question, rather, is whether this step is jurisdictional and in this regard, the rule is silent. Additionally, there is little specific authority discerning the jurisdictional requirements of Crim. P. 37(a). This lack of authority, however, stands in stark contrast to the abundance of authority surrounding our parallel appellate rule C.A.R. 3(a). Indeed, not only have we previously discussed the jurisdictional requirements of C.A.R. 3(a), but the appellate rule also expressly states which of its requirements are jurisdictional. Of course, the jurisdictional requirements of C.A.R. 3(a) are not dispositive of those of Crim. P. 37(a), but the appellate rule and the rationale underlying its jurisdictional requirements offer a useful context within which to analyze Crim. P. 37(a). Therefore, we refer to C.A.R. 3(a) for guidance. *See*

*Butkovich v. Indus. Comm'n*, 723 P.2d 1306, 1308 (Colo.1986) (referring to appellate rules where statute silent on the matter at issue).

Colorado Appellate Rule 3(a) provides:

An appeal permitted by law from a trial court to the appellate court shall be taken by filing a notice of appeal with the clerk of the appellate court within the time allowed by C.A.R. 4. Upon the filing of the notice of appeal, the appellate court shall have exclusive jurisdiction over the appeal .... An advisory copy of the notice of appeal shall be served on the clerk of the trial court within the time for its filing in the appellate court. *Failure of an appellant to take any step other than timely filing of a notice of appeal in the appellate court does not affect the validity of the appeal,* but is a ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal. Content of the notice of appeal shall not be deemed jurisdictional.

C.A.R. 3(a) (emphasis added).

■ C.A.R. 3(a) expressly states that an appellant's failure to take any step other than timely file a notice of appeal in the appellate court does not affect the validity of the appeal. We have consistently held that filing a timely notice of appeal in the appellate court is a jurisdictional prerequisite to appellate review. *See Estep v. People*, 753 P.2d 1241, 1246 (Colo.1988); *People v. Silvola*, 198 Colo. 228, 230, 597 P.2d 583, 584 (1979); *see also Eagle Peak Farms, Ltd. v. Lost Creek Ground Water Mgmt. Dist.*, 7 P.3d 1006, 1010 (Colo.App.1999) ("An appeal is commenced and jurisdiction is invoked by the filing of a notice of appeal with the clerk of the appellate court."); *Collins v. Boulder Urban Renewal Auth.*, 684 P.2d 952, 954 (Colo.App.1984) (requirement that the notice of appeal be filed in the appellate court is jurisdictional, and strict compliance is required).

Several purposes are served by requiring a notice of appeal to be filed in the appellate court. Requiring that a notice of appeal be filed in the appellate court invokes appellate jurisdiction by transferring the cause to the reviewing authority. *See Casella Constr.,*

*Inc. v. Dept. of Taxes*, 869 A.2d 157, 159 (Vt.2005) (notice of appeal invokes appellate jurisdiction by transferring the cause to the reviewing authority); *accord Cobb v. Lewis*, 488 F.2d 41 (5th Cir.1974) (basic objective of the notice requirement is to notify the appellate court that an appeal has been taken). Filing a notice of appeal in the appellate court also identifies for the appellate court the trial court action from which the appeal is taken and alerts the opposing party that an appeal has been filed. *See People v. Bost*, 770 P.2d 1209, 1213 (Colo.1989); *Widener v. District Court*, 200 Colo. 398, 401, 615 P.2d 33, 34 (1980). Such notice permits the parties and tribunals to respond to the appeal, thereby facilitating transfer of the cause to the appellate court. *See Casella Constr.*, 869 A.2d at 159.

Although there are various purposes served by filing a notice of appeal in the appellate court, there are other steps required by C.A.R. 3(a) that serve different purposes and do not have jurisdictional significance. For example, C.A.R. 3(a) also requires an appellant to file an advisory copy of the notice of appeal in the trial court. The specific function of filing a notice of appeal in the trial court is to require the clerk of the trial court to certify the record for review. *See In re Jones*, 704 P.2d 845, 847 (Colo. 1985); *Hull v. Denver Tramway Corp.*, 97 Colo. 523, 525, 50 P.2d 791, 792 (1935). Although the court of appeals must have a certified record to review an appeal, the appellate court is not divested of jurisdiction when a copy of the notice of appeal is not filed in the district court because such filing accomplishes no essential jurisdictional objective.

In *Lowe v. Bloom*, former Chief Justice Montgomery observed that filing a notice of appeal in the appellate court is jurisdictional because "it gives notice to the [appellate] court, the opposing party and anyone else who needs it that the appellate process is underway." 110 N.M. 555, 798 P.2d 156, 158 (1990) (Montgomery, C.J. dissenting). In contrast, he noted that no similar consequences attach to filing the notice of appeal with the clerk of the trial court because nothing in the appellate process hinges on

whether the district court clerk receives the original notice of appeal, a copy, or any document at all purporting to represent the notice of appeal. *Id.* Chief Justice Montgomery concluded that "[i]t is therefore difficult to see any purpose or policy that is served by inflexible enforcement, to the extent of calling it a jurisdictional rule, of the necessity for filing the notice of appeal with the clerk of the district court." *Id.* (cited with approval in *Trujillo v. Serrano*, 117 N.M. 273, 871 P.2d 369, 373–74 (1994); *Govich v. N. Am. Sys., Inc.*, 112 N.M. 226, 814 P.2d 94, 98 (1991)).

Because filing a notice of appeal in the appellate court accomplishes essential jurisdictional objectives, it is a jurisdictional act that once performed, vests an appellate court with jurisdiction to entertain the appeal and exercise its discretion to relax the other procedural requirements of C.A.R. 3(a). Thus, in *Bost*, we held that if a notice of appeal has been filed within the time prescribed, only substantial compliance with the rules regarding the content of that notice is required. 770 P.2d at 1213. Likewise, in *Widener*, we said that if the prevailing party could not be misled as to the intention to appeal or as to the judgment from which the appeal is to be taken, any technical defect in the notice of appeal is harmless. 200 Colo. at 401, 615 P.2d at 34. Although *Widener* was controlled by the explicit language of C.A.R. 3(a), the facts of that case are similar to those of the case before us: the appellant failed to file a timely notice of appeal in the trial court, but filed a motion to stay judgment that referenced the notice of appeal she thought had been properly filed with the trial court. *Id.* at 400, 615 P.2d at 33. We held that substantial compliance was all that was required to satisfy the rule and that the reference contained everything necessary to comply with the content requirements of the notice of appeal. *Id.* at 400–01, 615 P.2d at 34; *accord Govich*, 814 P.2d at 98 (purpose of notice of appeal is vindicated if the intent to appeal a specific judgment fairly can be inferred from the notice of appeal and if the appellee is not prejudiced by any mistake).

Returning our analysis to Crim. P. 37(a), by tracing the origins of the rule, we discern

that its jurisdictional requirements are analogous to those of C.A.R. 3(a). The current Crim. P. 37(a) is mirrored, almost verbatim, by section 16–2–114(1), C.R.S. (2004).[6] Our rule and statute have tracked one another since the rule was first adopted in 1965.[7] Prior to the inception of the rule, however, the statute alone governed the appeals process from the county court and as early as 1891, the appeals process was very similar to the one that exists today: an appellant was to file a notice of appeal in the county court, pay an appeal bond, and docket the appeal in the district court within thirty days. *See* 1891 Colo. Sess. Laws 107, 107; *see also* 1 Mills Stat. Ann. § 1087 (1891).[8] The purpose of filing the notice of appeal in the county court was to compel the county court clerk or judge to transfer the record to the district court. 1891 Colo. Sess. Laws 107, 107. Although the law provided that "[t]he failure of the clerk or judge of the county court to file such papers and transcript ... shall not affect the appeal," if an appellant failed to docket the appeal in the district court, the appeal was to be dismissed. *Id.* Thus, as demonstrated by several of our early cases, docketing the appeal in the district court was the jurisdictional act required to appeal a county court judgment.

6. Section 16–2–114(1) provides:

> The defendant may appeal a judgment of the county court in a criminal action under a simplified procedure to the district court of the county. To appeal, the defendant shall ... file notice of appeal in the county court, post any advance costs that are required for preparation of the record, and serve a copy of the notice of appeal on the appellee. He shall also ... docket the appeal in the district court and pay the docket fee.

7. Crim. P. 37(a) was originally adopted as Rule 137 of the County Court Rules of Criminal Procedure. Rule 137(a) provided:

> If a defendant believes that the judgment of the county court in a criminal action is in error he may appeal to the district court by giving notice of appeal to the county court .... The appeal shall then be docketed in the district court and the fee paid.

8. The history of the criminal appeals process in Colorado is somewhat protracted. Preceding Colorado's admission into the Union, criminal appeals could only be taken to this Court via writ of error, a writ of right which would be granted when the trial court record and an assignment of

In *Tierney v. Campbell,* a case in which the appellant failed to timely docket the appeal or pay the docket fee in the district court, the court of appeals affirmed the district court's dismissal of the appeal because the defective appeal conferred no jurisdiction upon the district court. 7 Colo.App. 299, 300, 44 P. 948, 948 (1896). We elaborated on the term "docket" in *People ex rel. Denver Engineers' Supply Co. v. District Court,* where the appellant lodged the appeal in the district court, but failed to ensure that the district court clerk formally entered the appeal into the court's register. 33 Colo. 416, 80 P. 1069 (1905). We rejected the appellee's argument that an appellant's failure to follow-up on the appeal amounted to a failure to docket the appeal and instead held that when an appellant lodges his appeal in the district court, the appeal is, in legal contemplation, "docketed." *Id.* at 420, 80 P. at 1070. Also significant to our decision in *Denver Engineers'* was the recognition that not every step required by the statute was jurisdictional. *Id.* at 419–20, 80 P. at 1070.

In *Thomas v. Beattie,* we reiterated the notion that each requirement is not necessarily jurisdictional. 42 Colo. 235, 93 P. 1093 (1908). Although we acknowledged that the

errors was lodged with the Supreme Court clerk. Rev. Stat., ch. 22, sec. 227 (1868) (revised statutes of the Colorado Territory). By 1877, the county courts were vested with jurisdiction over all civil matters not exceeding two thousand dollars and civil appeals from the county courts were prescribed by statute, but criminal appeals remained by writ of error. Gen. L., ch. 23, sec. 575.5; ch. 24, sec. 832.232 (1877) (general laws of the state of Colorado). The process for obtaining a writ of error was based in part on the rules of civil procedure, *see* 2 King, Colorado Practice Methods § 2383 (1956, Supp.1961), and persisted until 1964 when the General Assembly enacted a simplified procedure governing criminal appeals from the county to district court. *See* ch. 45, sec. 69, § 37–17–15, 1964 Colo. Sess. Laws 429, 432–33. This newly enacted simplified procedure, like the writ of error, was based in part upon concepts governing civil appeals that had been in use in 1891. Although the civil and criminal appellate processes were dissimilar, both the writ of error and our current Crim. P. 37(a) were based upon statutes governing civil appeals from the county to the district court. Accordingly, these civil statutes and our cases interpreting them are instructive of the question to which we are currently put.

steps required to appeal a county court judgment are mandatory, we also recognized that procedural or jurisdictional consequences may attach depending upon the requirement with which the appellant failed to comply. *Id.* at 237, 93 P. at 1094. This recognition was again echoed in the later case of *Wigton,* where we once more distinguished jurisdictional consequences from procedural penalties. 69 Colo. at 23, 169 P. at 134. Thus, in *Wigton,* despite the appellant's failure to pay the docket fee, a condition precedent to taking the appeal, we reversed the district court's dismissal of the cause and held that paying the docket fee was not a jurisdictional requirement, but rather only subjected the appellant to such procedural penalties as may be imposed. *Id.* at 23–24, 169 P. at 134–35.

These cases compel us to two conclusions: First, the steps necessary to appeal a county court judgment are mandatory, but the failure to satisfy each step does not preclude the district court from exercising jurisdiction over an appeal. There are penalties which may be imposed upon an appellant for failing to satisfy each required step, but a defective appeal does not necessarily result in jurisdictional preclusion of the district court. Rather, jurisdictional consequences attach only to those requirements necessary to invoke the jurisdiction of the district court. This begs the question answered by our second conclusion, that is, which requirements are jurisdictional. *Tierney, Denver Engineers', Beattie,* and *Wigton* all instruct that timely docketing an appeal in the district court is the requisite jurisdictional act. Although there is some semantic disagreement amid the cases regarding the use of the word "docket," it is clear that in legal contemplation, an appellant "dockets" an appeal by lodging the case in the district court. Thus, in ordinary parlance, an appellant dockets an appeal when he or she files the notice of appeal in the district court. By docketing the appeal in the district court, an appellant puts the court on notice of the appeal and thereby invokes that court's jurisdiction.

We recognize that unlike C.A.R. 3(a), Crim. P. 37(a) does not expressly state that docketing the appeal in the district court is jurisdictional. Nonetheless, the concepts pronounced in our cases, as well as those underlying C.A.R. 3(a), compel us to conclude that docketing the appeal in the district court is the jurisdictional act. Filing a notice of appeal in county court does not give the district court notice of the appeal and thus fails to invoke its jurisdiction. Filing a notice of appeal in the county court only permits the county court clerk to perform the clerical duty of certifying the record for review. *See* Crim. P. 37(c). While certification of the record is necessary to enable the district court to review a county court judgment, the district court is not wholly precluded from exercising jurisdiction whenever a county court record cannot be certified. Rather, the district court retains jurisdiction over the matter and, under some circumstances, must either hold a trial de novo or remand the case to the county court for a new trial. *See Bovard v. People,* 99 P.3d 585, 590 (Colo.2004); Crim. P. 37(g) ("If for any reason an adequate record cannot be certified to the district court the case shall be tried de novo in that court.").

Moreover, were we to construe the rule as mandating strict compliance with five absolute jurisdictional prerequisites, we would establish Crim. P. 37(a) as a procedurally onerous rule in complete derogation of its express language. When the County Court Rules of Criminal Procedure were originally adopted, their purpose was to provide a simple and expeditious method for the prosecution of misdemeanors in county courts. *See* ch. 45, sec. 55, § 37–17–15, 1964 Colo. Sess. Laws 429, 429. Our present-day Crim. P. 37(a) retains this purpose and encourages such simplicity through its express language prescribing a "simplified procedure." Timely docketing the appeal in the district court maintains this simplicity and is consistent with C.A.R. 3(a). It invokes the jurisdiction of the district court by putting the court on notice of the appeal and transferring the cause from the county court to the district court. In contrast, filing a notice of appeal in the county court is an esoteric requirement lacking any apparent nexus to the district court's jurisdiction. While we concede that the rule would have been better written had it expressly addressed the jurisdictional requirement, we nonetheless conclude that

timely docketing the appeal in the district court is the jurisdictional act. Accordingly, we hold that filing a notice of appeal in the county court is not a jurisdictional requirement of Crim. P. 37(a), but that timely docketing an appeal in the district court invokes the jurisdiction of that court.

■ Our holding, however, must not be misconstrued to abrogate the requirements of Crim. P. 37(a). Its prescriptions remain mandatory and it is incumbent upon the parties to comply with our rules of procedure. *See Mills v. People*, 181 Colo. 168, 509 P.2d 594 (Colo.1973). An appellant who fails to satisfy them is subject to such penalties as the district court may impose within its measured discretion. *Eagle Peak Farms, Ltd.*, 7 P.3d at 1009. Nonetheless, courts must be cognizant that adjudication of an action on its merits is favored over procedural resolutions. *Craig v. Rider*, 651 P.2d 397, 402 (Colo.1982). Substantial compliance with non-jurisdictional requirements is all that is required by the rule. *See Waltemeyer v. People ex rel. City of Arvada*, 658 P.2d 264, 265 (Colo.1983). Therefore, courts must consider whether an appellant's failure to comply with the requirements of Crim. P. 37(a) has prejudiced the appellee or whether good cause, excusable neglect, or some other factor excuses such noncompliance. *See Estep*, 753 P.2d at 1247–48; *Farmers Ins. Group v. District Court*, 181 Colo. 85, 89, 507 P.2d 865, 867 (1973). Only after weighing these and other such considerations should the district court impose the extraordinary consequence of dismissal.

## B.

■ Applying the aforementioned principles to the facts before us, we conclude that Peterson's failure to file a notice of appeal in the county court did not preclude the district court from exercising jurisdiction. Peterson satisfied the notice requirements of Crim. P. 37(a) by serving notice of the appeal on the People and timely docketing the appeal in the district court. Peterson's motion to stay execution of sentence adequately informed the county court that an appeal was pending

and his subsequent, albeit untimely, filing of a notice of appeal in the county court rectified any procedural deficiency that may have existed. Because these actions were adequate to invoke the district court's jurisdiction, we conclude that the district court erred by dismissing the appeal as jurisdictionally barred.

## III. Conclusion

We hold that filing a notice of appeal in the county court is not a jurisdictional requirement of Crim. P. 37(a), but that timely docketing an appeal in the district court invokes that court's appellate jurisdiction. The judgment of the district court is reversed and the case is remanded for further proceedings.